David 0. Boehm, J.
This is an appeal from an order of the Rochester City Court, dated May 17, 1972, granting the application of the respondent Michael D. Cerame for a trial de novo and setting aside the judgment.
The judgment resulted from an arbitration award adverse to the respondent and in favor of the appellant Genesee Monroe Racing Association, Inc., after a hearing before a panel of *568 arbitrators on December 1, .1971. The decision of no cause of action was signed by all three of the arbitrators, dated December 6, 1971, and it is stipulated by both counsel that the copy of such decision was either mailed or delivered to counsel for each of the parties pursuant to section 28.11 of the Rules of the Administrative Board governing compulsory arbitration (22 NYCRR Part 28).
It is undisputed that respondent did not make his application for a trial ele novo within the 20-day period after the award was filed with the court clerk as required by section 28.12(a) of the Rules of the Administrative Board. Instead, the application was made by notice of motion dated February 17, 1972, returnable on March 2, 1972, approximately 50 days after the arbitration award — well past the 20-day period.
It is further undisputed that no demand for a trial de novo was made within the required 20-day period. Since no application was made to extend the time for filing the demand, it is not essential to determine here whether the 20-day time requirement is inflexible, as in an appeal, or may be extended by leave of court, as with pleadings and motions. This is, however, a reasonably foreseeable question that will be raised from time to time. The language of section 28.12 does not, on its face, mate the answer clear. Therefore, the attention of the Administrative Board of the Judicial Conference is addressed to this section for purposes of clarification.
Respondent seeks to excuse his failure to file a timely demand on the ground that neither he nor his counsel received a notice of a filing of the arbitration award with the City Court Clerk. However, it does appear that notice of one kind or another of the filing of such award was received by the attorneys for the respondent on three separate occasions between the filing of the award on December 7, 1971 and December 27,1971, the last day for demanding a trial de novo.
In addition, the rules do not require that counsel or a party receive notice of the filing of the award with the court clerk. The only requirement is that a copy of the award of the arbitrators be mailed or delivered to the parties oí' their counsel and it is undisputed that such was done.
Accordingly, the order of May 17, 1972, setting aside the judgment and granting a trial de novo is reversed and the judgment is reinstated.