Edward O. Provenzano, J.
Appellant appeals from an order of the City Court of Rochester, New York, dated and entered the 22nd day of August, 1972 vacating a judgment and granting permission to the respondent to file a demand for a trial de nova following an arbitration award and judgment in favor of the appellant, after the statutory period for demanding a trial de nova had expired.
Following an otherwise procedurally proper arbitration proceeding respondent failed to file a demand for a trial de nova within the 20-day period after the filing of an arbitration award decision with the Clerk of the City Court of Rochester, as required by the Rules of the Administrative Board of the Judicial Conference of the State of New York governing compulsory arbitration (22 NYCRR Part 28).
Factually, the record indicates that the respondent waited too long and respondent’s attorney was, by telephone communication, ill-advised by a Rochester City Court Clerk, whose advice should have been challenged and a demand for a trial de nova and reimbursement of the arbitrator’s fees personally tendered at the office of the Clerk of City Court,
*218 Respondent, on August 22, 1972 was granted an order by the City Court of Rochester vacating thi subject judgment and permitting the filing of a demand for a trial de nova, which demand was filed on August 25, 1972. On September 18, 1972 a notice of appeal to this court was filed by appellant.
The legal issue raised by this appeal is one of interpretation and construction of subdivision (a) of section 28.12 of the Rules of the Administrative Board of the Judicial Conference of the State of New York governing compulsory arbitration. (22 NYCRR 28.12 [a].)
Should the 20-day time period be construed as inflexible as in appeals under CPLR article 55, or may it be extended by the court as with pleadings and motions under the CPLR? Neither the appellant nor the respondent has cited any decisional law, nor has this court found any decision involving the specific issue before this court. Devoid of precedent, this court, seeking a rational basis for logical construction of said subdivision (a) of section 28.12, turns to other statutes and rules embodying time limitation provisions.
Since the matter before this court involves “ arbitration ”, the court examined and compared the “ Motion to Vacate ” provision of the Compulsory Arbitration Rules, viz. (22 NYCRR 28.13 [a]), which provides in pertinent part, “ any party, within 20 days after the award is served upon him, may file with the court clerk a motion to vacate the award”, with subdivision (a) of CPLR 7511 which, in pertinent part, provides “ an application to vacate or modify an award may be made by a party within ninety days after its delivery to him.” It is well established that the time limitation prescribed by the CPLR has to be complied with. (Matter of Heidelberger v. Cooper, 300 N. Y. 502; 23 Carmody-Wait 2d, New York Practice, § 141:164.) Therefore, is it not logical to conclude that the rule of inflexibility applied under the CPLR should be "applied to the Rules of Compulsory Arbitration.
Next, this court in reading said subdivisions (a) and (b) of section 28.12, and by giving the words therein their ordinary meaning, concludes that the provisions therein requiring filing and service of the demand for a trial de nova and reimbursement to the Court Clerk of certain fees, within the 20-day period provided therein, constitute conditions precedent to be complied with before one can proceed with a trial de nova. Having thus concluded, this court examined statutes which this court deems analogous and court interpretations qf which should *219 be applicable to the Compulsory Arbitration Rule under consideration.
An example and illustrative of these statutes is subdivision 1 of section 50-e of the General Municipal Law which provides that before one may sue a public corporation, he must give notice of his claim within 90 days after the right to make it arises. This statute has been construed on numerous occasions to require strict compliance with the statute. (Komar v. City of New York, 24 A D 2d 941; Matter of Lawrence v. New York City Tr. Auth., 31A D 2d 514; Jefferson v. New York City Housing Auth., 24 A D 2d 943.)
Other examples of the statutes to which the court referred are: Town Law, §§ 65, 67; Education Law, § 3813.
The necessity of compliance with a filing of claim precondition was expressed by the New York Court of Appeals in a relatively recent decision. (Panzeca v. Board of Educ., Union Free School Dist. No. 6, Towns of Islip & Smithtown, 29 N Y 2d 508, 510.) The Court of Appeals said in that case, “ although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result (Munroe v. Booth, 305 N. Y. 426, 428).”
This court is aware that circumstances could arise (as in the matter before this court) which would, in the interest of justice, justify judicial extension of time limitations prescribed in a statute or rule. However, provision for such eventuality can be provided only by proper legislative or rule-making authority.
Examples in point are the extensions for appeal found in subdivision (b) of CPLR 5514 and the correction of error provisions found in subdivision 6 of section 50-e of the General Municipal Law. Incidentally, it is interesting to note that the latter section excludes correction of any irregularity “ pertaining to the manner or time of service ” of the notice of claim.
Although said section 28.12 (subds. [a], [b]) is a rule of the Administrative Board of the Judicial Conference of the State of New York, this court construes said section as a positive regu- ' latory mandate of a duly constituted authority, the limitations of which mandate the City Court of Rochester, under existing law, should not have judicially extended.
Accordingly, the order of the City Court of Rochester dated August 22,1972 vacating the judgment and granting permission to file a demand for a trial de nova is reversed on the law and the facts, and the judgment is reinstated, without costs.