OPINION OF THE COURT
George W. Harrington, J.
Defendant moves for an order granting his application for a trial de novo. The issues were tried before a panel of arbitra *966 tors on March 18, 1977, pursuant to the rules governing compulsory arbitration promulgated by the Administrative Board of the Judicial Conference (22 NYCRR Part 28). These rules were authorized by subdivision 8 of section 213 of the Judiciary Law.
The defendant filed an answer pro se, appeared at the hearing and defended himself. A transcript of the minutes of that hearing, submitted in support of this motion, reveals that his interests were adequately presented and heard. Following the hearing on March 18, 1977, the arbitrators filed their report and award in favor of plaintiff in the sum of $2,370.50, dated March 21, 1977. A reading of the filed papers indicates that copies of the award were mailed to the parties on March 28, 1977, the original filed with the Commissioner of Arbitration on April 28, 1977, and then with the Clerk of the Civil Court, Bronx County, on May 2, 1977. Notice of the filing of the award .appears to have been given by the Arbitration Commissioner on the same date (May 2, 1977) by the mailing of a notice to the parties pursuant to 22 NYCRR 28.11 (a).
After expiration of the 20-day period for filing of a demand for trial de novo and vacation of the award (22 NYCRR 28.11 [b]) the plaintiff on June 6, 1977, entered judgment thereon, with costs and disbursements.
Defendant did not file a demand for trial de novo as provided in the rules (22 NYCRR 28.12). However, a notice of appeal from the judgment to the Appellate Term of the Supreme Court, First Judicial Department, dated July 11, 1977, was served by mail the same date and filed with the clerk of this court on July 13, 1977. The plaintiff’s first appearance by attorney was by this notice of appeal, endorsed with the name and address of the same attorney who prepared the instant motion. The attorney makes this motion by notice dated and served August 18, 1977.
The 20-day period in which to move to vacate the award under 22 NYCRR 28.13 expired on April 17, 1977. The 20-day period for demanding a trial de novo as a matter of right, pursuant to the rules, expired May 22, 1977. (Cerame v Genesee Monroe Racing Assn., 72 Misc 2d 567.)
Although excuses are now offered by his attorney for his failure to comply with the rules, ignorantia legis neminem excusat.
Despite the arguments of recently retained counsel to convince the court that the arbitrators abused their office, this *967 does not appear to be the case. Assuming, arguendo, that it were, the time to raise this issue is long gone (April 17, 1977). (22 NYCRR 28.13 [a] [1].)
The noblest efforts of counsel to breathe life into these dead issues must fail. Interest res publicae ut sit ñnis litium. This litigation has certainly ended and the time in which to seek a review has expired.
Accordingly, for the reasons herein assigned, the motion is denied in all respects.