OPINION OF THE COURT
Stanley H. Nason, J.
This action for services allegedly rendered by plaintiff on behalf of defendant was set down for arbitration and, on October 16, 1980, after a hearing, an arbitration award was filed, granting the plaintiff the sum of $1,300. On November 26, 1980, defendant attempted to file a demand for a trial de novo with the clerk of the court, but the clerk refused to accept same as untimely. It further appears that a demand for trial de novo was served by defendant by mail on December 9, 1980.
This motion presents the following question: may the court permit the filing of a demand for a trial de novo served or filed more than 30 days after an arbitration award is filed?
Rule 28.12 of the Rules of the Chief Judge (Rules Governing Alternative Dispute Resolution by Arbitration [22 NYCRR 28.12]) provides as follows:
“28.12 Trial de novo
“(a) Demands may be made by any party not in default for a trial de novo in the court where the action was commenced or, if the action was transferred, the court to which the action was transferred, with or without jury. Any party, within 30 days after the award is filed with the *828 appropriate court clerk, may serve upon all adverse parties a demand for a trial de novo.
“(b) If the demandant either serves or files a timely demand for trial de novo but neglects through mistake or excusable neglect to do another required act within the time limited, the court where the action was commenced or, if the action was transferred, the court to which it was transferred, may grant an extension of time for curing the omission.”
The 30-day period set forth in rule 28.12 appears to be analogous to the 30-day appeal provision set forth in CPLR 5513. This court has no more power to waive the time requirement for demanding a trial de novo than it would to waive the time limit for taking an appeal. In the case of an appeal, the court has the power to extend the time to perform any act other than the time for serving and filing a notice of appeal. (Cerame v Genesee Monroe Racing Assn., 72 Misc 2d 567.) Similarly subdivision (b) of rule 28.12 of the rules governing arbitrations permits the court to grant an extension of time for curing any omission once the demandant has timely filed the demand for a trial de novo. There is no provision in subdivision (a) of rule 28.12 for curing the omission to timely file the demand in the first instance.
In the present case, defendant did not demand a trial de novo until after the 30-day period had expired. Defendant is therefore bound by the award of the arbitration panel.
Accordingly, the motion is denied.