OPINION OF THE COURT

Per Curiam.

Order entered February 26, 1981 is reversed, with $10 costs; defendant Air Link (USA) Inc.’s motion to vacate the arbitrator’s award and for leave to serve and file a demand for trial de novo is granted.
Appeal from the judgment entered December 31,1980 is dismissed as moot.
*17 This matter proceeded to compulsory arbitration (22 NYCRR Part 28) after which an award in favor of the plaintiff against both named defendants was granted. Only the defendant Air Link (USA) Inc. (hereafter defendant) has appeared in this action. The arbitrator’s award was filed in the clerk’s office on November 18, 1980 and notice thereof was given to the parties on that same date.
On December 11, 1980, defendant mailed a “notice of trial de novo”, with requisite filing fee, to the office of the court for filing and served copies upon the plaintiff and defendant A.F.T. Services, Inc. The clerk of the court refused to file the proffered “notice” upon the ground that “no new notice of trial required for trial de novo — but you must have a demand for trial de novo”. On December 19, 1980 defendant mailed a “demand for trial de novo” to the court clerk, with appropriate filing fees and service upon the other parties, only to have the clerk of the court again refuse the filing, this time on the ground: “Too late to demand trial de novo. Arbitration award entered in clerk’s office on November 18, 1980 and your demand received on December 23, 1980 which is past the 30 days”.
Plaintiff on December 31, 1980 entered judgment upon the arbitrator’s award and defendant moved to vacate that judgment and for leave to file its demand for trial de novo. The court below denied that motion upon the ground that defendant had failed to demand a trial de novo within the requisite 30-day period.
The Rules Governing Alternative Dispute Resolution by Arbitration are set forth in 22 NYCRR Part 28. Section 28.12 of the rules provides, insofar as applicable, as follows: *18 excusable neglect to do another required act within the time limited, the court where the action was commenced * * * may grant an extension of time for curing the omission.”
*17 “(a) Demands may be made by any party not in default for trial de novo in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without jury. Any party, within 30 days after the award is filed with the appropriate court clerk, may serve upon all adverse parties a demand for trial de novo.
“(b) If the demandant either serves or files a timely demand for trial de novo but neglects through mistake or
*18 Significantly, the statutory scheme quite plainly does not require that a party serve or file any particular form of demand. As this court stated in Statom v Lumbermens Mut. Cas. Co. (106 Misc 2d 442, 444): “The trial de novo application is not addressed to the discretion of the court; it is a procedural mechanism only, the equivalent of a note of issue, a means of assuring the constitutionally guaranteed right to a trial by jury (or Judge) (Bayer v Ras, 71 Misc 2d 464).”
In the case at bar, the original papers submitted by defendant made it abundantly clear that defendant was seeking a “trial de novo from a prior arbitration award”, and thus were sufficient to satisfy the minimal demand requirements of 22 NYCRR 28.12. Therefore, the court clerk should have accepted those papers for filing, notwithstanding the fact that they were not specifically labeled a “demand for a trial de novo”.
Concur: Hughes, J. P., Riccobono and Asch, JJ.