OPINION OF THE COURT
Alan J. Saks, J.
Motion to vacate final judgment on arbitration award, and to extend defendant’s time to seek trial de novo, denied on the law. On October 5,1981, an arbitration hearing was held before a panel of three, at which time plaintiff and defendant appeared pro se. On October 26, 1981 the panel issued a report containing an award to plaintiff and dismissing defendant’s counterclaim. Said award was duly filed with the clerk of the court on October 30,1981 (a fact not revealed in the motion papers).
Defendant now moves by counsel to vacate the judgment entered on such award and to extend her time to seek a trial de novo. She asserts that she was away from home on urgent personal business in the West Indies and returned on November 17, 1981 to find the award. However, she asserts, because she was confused and unsophisticated, she did not realize that she had lost. Further, she asserts that the notice she received did not advise her that she had 30 days from October 30 to serve and file a demand for trial de novo. By the time she went to the courthouse and was so advised, she asserts, the said time had expired. The motion herein was initiated by order to show cause issued on December 15,1981, that is, after a default of a month and a half.
*286 The basic governance of compulsory arbitration is found in the Rules of the Chief Judge, contained in 22 NYCRR Part 28. It is the practice of the commissioner of arbitration at this courthouse to send a copy of said rules to the parties with the notice that the case has been assigned a panel. Presuming regularity, the movant received such a copy. Therefore, even though the notice of award may not have contained explicit notice of the 30-day limit to seek trial de novo, the movant had already been put on notice by the copy of the rules. (See 22 NYCRR 28.12.) Even accepting at face value her claim that she did not actually know of said limit, the court finds difficult to understand why she would have waited two weeks, after learning of the award, to seek advice as to her next step. Furthermore, the contention that defendant possesses a meritorious defense and counterclaim is merely conclusory, without any specificity in her affidavit, and there is no supporting attorney’s affidavit.
In view of all of the foregoing the court would be inclined to deny the motion in its discretion, if it had such discretion. However, it does not. The Rules of the Chief Judge treat untimeliness in perfecting a demand as in the case of untimeliness in taking an appeal to a higher court. Thus, subdivision (b) of rule 28.12 (22 NYCRR 28.12 [b]) gives the court discretion to waive untimely service of the demand if timely filing is made, or vice versa, but not to waive both untimely filing and service. (Cf. CPLR 5520, subd [a], governing appeals.)