SYDNEY J. CHASE, Appellant, v BEVERLY SCALICI, Respondent.

Second Department, November 7, 1983

APPEARANCES OF COUNSEL

*Sydney J. Chase,* appellant *pro se.*

OPINION OF THE COURT

TITONE, J. P.

We are called upon to construe the rules governing alternative dispute resolution by arbitration (22 NYCRR part 28). The rules mandate that civil actions in which the recovery sought is $6,000 or less be submitted to compulsory arbitration subject to a court jury trial *de novo* on demand. Specifically, the question posed is whether the 30-day period for demanding a trial *de novo* provided by the rules (22 NYCRR 28.12 [a]) may be extended as a matter of judicial discretion (see CPLR 2004). We hold that it may not.

In July, 1980, plaintiff, Sydney J. Chase, commenced this action to recover legal fees of $772.21 from defendant, Beverly Scalici, for services rendered in connection with matrimonial litigation. Chase had begun to render these services while a member of a law firm known as Skoy, Lowell, Chase & Nussbaum, P. C., and continued to represent Scalici as a client when the firm disbanded. The firm

simultaneously commenced a separate action to recover fees of $1,963.75.

Scalici served separate *pro se* answers, consisting of denials and counterclaims. Stating that the two actions involved common questions of law and fact, the Skoy firm moved for a joint trial, without consolidation. The motion was granted, the court expressly directing that separate judgments be entered.

As provided by the rules promulgated pursuant to CPLR 3405 (22 NYCRR part 28), the matter was set down for arbitration. Following a hearing at which the defendant was represented by counsel, the arbitrator rendered separate awards, which were duly filed on June 19, 1981. He found for Chase in the sum of $300 in the first action. In the second action, he dismissed the complaint and awarded Scalici $300 on her counterclaim. The Skoy firm filed what is conceded to be a timely demand for a trial *de novo*. More than five months later, in November, 1981, Scalici made application for an order permitting a trial *de novo* of all issues in both actions.

Finding the "confusion" created by the separate awards to be "understandable", the District Court purported to exercise its discretion to extend the time to file. On appeal, the Appellate Term affirmed, reasoning that trial courts have an inherent power to authorize a belated demand for a trial *de novo* lest there be "an impediment upon a person's untrammeled constitutional rights to a trial 'according to the course of the common law'". Cognizant that its decision conflicted with those of other courts which had considered the issue, it granted leave to appeal. We now reverse.

Prompted by court congestion and a general dissatisfaction with the method of compensating victims of automobile accidents, the Legislature, in 1970, authorized the promulgation of rules requiring that civil actions in which relatively small sums were involved be submitted to compulsory arbitration (L 1970, ch 1004; see Governor's Memorandum, McKinney's Session Laws of NY, 1970, p 3143). The program, patterned on a system successfully pioneered in Pennsylvania, was implemented on an experimental basis in Rochester and in The Bronx and was later ex-

panded State-wide (see CPLR 3405; L 1978, ch 156; L 1977, ch 165; King, Arbitration in Philadelphia and Rochester, 58 ABAJ 712; Committee Report, Variations on Pennsylvania System: Partial Elimination of Jury Trials in Civil Cases Through Compulsory Arbitration Before Panels of Lawyers, 22 Record of Assn of Bar of City of NY 638; Arbitration of Civil Cases in State Called Success, NYLJ, March 16, 1983, p 1, col 1).

As required by legislation (CPLR 3405) and the constitutional right to trial by court or jury (NY Const, art I, § 2; art VI, § 18; see *Matter of Nuro Transp. v Judges of Civ. Ct. of City of N. Y.,* 95 AD2d 779, 781), the rules provide that any dissatisfied litigant, "within 30 days after the award is filed with the appropriate court clerk" may demand a trial *de novo* as a matter of right (22 NYCRR 28.12 [a]; see *Bayer v Ras,* 71 Misc 2d 464). Nonetheless, to discourage automatic applications, the demanding party must pay the arbitration fees at the time the demand is filed and cannot recover them even if ultimately successful (22 NYCRR 28.12 [c]). Further limitations are placed on the recovery of interest and costs (22 NYCRR 28.12 [e]).

Prior to the Appellate Term's decision in this case, the time periods were strictly construed. Regardless of whether notice of an award's filing had been given (see *Statom v Lumbermens Mut. Cas. Co.,* 106 Misc 2d 442, 444; *Cerame v Genesee Monroe Racing Assn.,* 72 Misc 2d 567, 568), decisions uniformly equated a demand for a trial *de novo* with a notice of appeal, thus deeming the 30-day period to be nonextendable (*Watson v Jarvis,* 116 Misc 2d 285; *Parker, Clark Assoc. v E S M Data Systems,* 108 Misc 2d 827; *Helfand v Helfand,* 91 Misc 2d 965; *McGuire v Bricks,* 74 Misc 2d 217). We agree with these holdings.

Analysis should begin with the language of the pertinent rule itself. By its terms, an extension is permitted only in instances in which "the demandant either serves or files a timely demand for a trial *de novo* but neglects through mistake or excusable neglect to do one of those two acts within the time limited" (22 NYCRR 28.12 [b]). This parallels CPLR 5520 (subd [a]) which governs appeals. There is, of course, no inherent power to extend the time to appeal (CPLR 5514, subd [c]; see *Hecht v City of New York,* 60

NY2d 57; *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963; *Pallone v New York Tel. Co.,* 34 AD2d 1091 [appeal No. 2]).

Pennsylvania's statutory and regulatory provisions, on which, as noted, the New York scheme is patterned, are similarly worded (Pa Cons Stats Ann, tit 42, § 7361; 1983 Pa Rules of Ct, rule 1308) and the Pennsylvania courts have consistently construed its 30-day filing period as jurisdictional, holding that an extension cannot be retroactively granted absent fraud or a breakdown in the court's operation (*James F. Oakley, Inc. v School Dist. of Phila.,* 464 Pa 330, 334; *Gallardy v Ashcraft,* 288 Pa Super 37, app dsmd 497 Pa 587; *MacKanick v Rubin,* 244 Pa Super 467, 368 A2d 815, 817).

Moreover, consistent with the policy of discouraging *de novo* trials, the rules also direct that "[u]nless a demand is made for a trial *de novo,* or the award vacated [on grounds specified in 22 NYCRR 28.13], the award shall be *final* and judgment shall be entered thereon by the clerk of the court" (22 NYCRR 28.11 [b]; emphasis supplied). The goals of speeding the disposition of civil causes and reducing court congestion and costs would be retarded if the finality accorded judgments in general were not applicable to compulsory arbitrations (see, e.g., Evans & Bulman, Alternative Dispute Resolution Method Holds Out Promise of Great Utility, NYLJ, Jan. 24, 1980, p 25, col 2; Memorandum of Office of Court Administration in support of L 1977, ch 165, McKinney's Session Laws of NY, 1977, p 2611).

In short, as with a notice of appeal, we view the rule as intended to set " 'a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the [rule] would defeat its purpose' " (*Browder v Director, Ill. Dept. of Corrections,* 434 US 257, 264, quoting *Matton Co. v Murphy,* 319 US 412, 415).

We are not persuaded by the arguments advanced by the Appellate Term that the 30-day limitation would not be constitutional if rigidly applied and that courts possess inherent control over the judgments they have rendered.

There is simply no constitutional issue involved. The regulations directing compulsory arbitration are constitutional because they afford the litigants the opportunity for a trial *de novo* (*Matter of Nuro Transp. v Judges of Civ. Ct. of City of N. Y., supra;* see *Capital Traction Co. v Hof,* 174 US 1; *Matter of Smith,* 381 Pa 223, app dsmd *sub nom. Smith v Wissler,* 350 US 858). Like any other right, constitutional or statutory, it may be waived by a failure to assert it in a timely fashion (*Glass v Thompson,* 51 AD2d 69, 76; cf. *Gonzalez v Concourse Plaza Syndicates,* 41 NY2d 414; *People v Prim,* 40 NY2d 946, 947; *People v Consolazio,* 40 NY2d 446, 455, cert den 433 US 914).

Nor do courts possess a general power to revise judgments to revive an expired right of appeal (see *May v May,* 66 AD2d 918; *Matter of Kolasz v Levitt,* 63 AD2d 777, 779; *Curran v City of Rochester,* 50 AD2d 1059, mot for lv to app dsmd 38 NY2d 917; cf. *Hecht v City of New York, supra; Albright v New York Life Ins. Co.,* 261 App Div 419 [FOSTER, J.]). As the Court of Appeals has said: "The rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment. It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal" (*Herpe v Herpe,* 225 NY 323, 327; see, also, *Reinfurt v Reinfurt,* 67 AD2d 968; *Baum v Baum,* 40 AD2d 1000, 1001).

That defendant may have been confused is beside the point (see *Griggs v Provident Consumer Discount Co.,* 459 US 56). There is nothing "substantially unjust" in leaving a litigant with the result of an election not to seek a *de novo* trial merely because, in the light of subsequent events, the choice turned out to be a poor one (*Hegger v Green,* 646 F2d 22, 30; *Matter of Amica Mut. Ins. Co. [Jones],* 85 AD2d 727). While we recognize that in many of these cases the parties appear *pro se,* we cannot carve out an exception to established principles of procedure for such

litigants (*Parisie v Greer,* 705 F2d 882, 888, 892 [opns of WOOD and POSNER, JJ.] [*en banc*]; *Pettibone v Cupp,* 666 F2d 333, 335).

Finally, legal considerations aside, we fail to perceive any injustice in this case. Defendant was directed to pay Mr. Chase $300 and had a separate offsetting recovery against his former firm. She had no right to rely upon the offset because the order of joinder expressly indicated that separate judgments were to be entered. In fact, it may be that the judgment in favor of Mr. Chase bars the predecessor firm from obtaining affirmative relief in the *de novo* trial. The firm has admitted that "[b]oth actions were commenced to recover from defendant for professional services rendered to her while Mr. Chase was a member of the law firm". This could be claim splitting barring recovery under the doctrine of claim preclusion (see Restatement, Judgments 2d, §§ 24, 59, subds [1], [3], and Illustration 3; cf. *930 Fifth Corp. v King,* 42 NY2d 886; *Century Factors v New Plan Realty Corp.,* 41 NY2d 1040; *Kennedy v City of New York,* 196 NY 19; *Columbia Corrugated Container Corp. v Skyway Container Corp.,* 37 AD2d 845, 32 NY2d 818). The issue remains open if raised in the trial *de novo* in that case.

For the reasons stated, the orders of the Appellate Term and of the District Court should be reversed, on the law, and the application for leave to file a belated demand for a *de novo* trial denied, without costs or disbursements.

WEINSTEIN, J. (dissenting). I would affirm the order of the Appellate Term.

Notwithstanding the sound legal reasoning expressed by my learned colleagues in the majority opinion, I am compelled to reach a contrary conclusion in view of the peculiar circumstances of this case. The commencement of separate actions for the recovery of attorney's fees, the ordering of a joint trial of two actions, without consolidation, before a single arbitrator and the rendition of two separate awards, one in favor of plaintiff and one in favor of defendant, created a situation which was confusing at best.

In action No. 1, an award in favor of plaintiff Chase in the amount of $300 was made on June 11, 1981. This

award was signed and dated by the arbitration commissioner and filed in the office of the clerk of the court on June 19, 1981. Judgment on the arbitration award was thereafter entered. As respects action No. 2, an award was made in favor of defendant Scalici, dismissing the complaint and allowing her $300 on her counterclaim. Plaintiff in action No. 2, the law firm of Skoy, Lowell, Chase & Nussbaum, P. C., thereupon applied for a trial *de novo*. Action No. 2 has apparently been placed on the Trial Calendar.

By notice of motion dated November 19, 1981, defendant moved for an order granting her a jury trial *de novo* of all of the issues involved in the two actions. In support of the motion, defendant averred that the only arbitration case report received by her counsel was the one for action No. 2, in which the plaintiff law firm's complaint was dismissed and she was awarded $300 on her counterclaim. Defendant's attorney assumed that said report disposed of the entire case. Although defendant was thereafter furnished with a copy of the report for action No. 1, her attorney was not furnished with a copy of that award.

Defendant was served with a demand for a trial *de novo* which was allegedly ambiguous in that it could not be determined on its face whether the demand covered both actions or whether it pertained solely to action No. 2. Again, defense counsel was not served with a copy of said notice. Defendant subsequently moved for an order granting a trial *de novo* with respect to both actions and asserting a demand for a jury, which she had inadvertently failed to do previously in view of the attendant confusion surrounding these proceedings. Defendant's demand for a trial *de novo* was made some five months after the arbitration awards were filed.

Recognizing the existence of prior decisions which have uniformly equated a demand for a trial *de novo* with the filing of a notice of appeal and which have thus held the 30-day period to be nonextendable (*Watson v Jarvis,* 116 Misc 2d 285; *Parker, Clark Assoc. v E S M Data Systems,* 108 Misc 2d 827; *Helfand v Helfand,* 91 Misc 2d 965; *McGuire v Bricks,* 74 Misc 2d 217), I am of the opinion that the

circumstances at bar warrant a departure from the rigid implications of such a rule.

As provided in 22 NYCRR 28.12 (b): "If the demandant either serves or files a timely demand for a trial *de novo* but neglects through mistake or excusable neglect to do one of those two acts within the time limited, the court where the action was commenced or, if the action was transferred, the court to which it was transferred, may grant an extension of time for curing the omission."

A rigid application of the 30-day rule in this case would effectively deprive defendant of her right to a trial by jury prior to her having had an adequate opportunity to exercise that right. To avoid the constitutional implications of compulsory arbitration under 22 NYCRR part 28, I would interpret section 28.12 as allowing a court to exercise its discretion in determining whether the failure of a party to timely demand a trial *de novo* was due to excusable mistake or inadvertence or whether that party willfully or intentionally waived the constitutional right to a trial (see *Chemical Bank v 1364 Dean St. Corp.,* 53 AD2d 882; *Denig v Seelig,* 17 AD2d 948; *New York Investors v Laurelton Homes,* 230 App Div 712). In my view, evidence of any such willful or intentional waiver on defendant's part was clearly lacking in this case. In light of the confusion surrounding the joint trial and the rendition of two separate arbitration awards, and given the fact that the constitutional right to a trial is involved, it is my conclusion that the court did not abuse its discretion in extending the time for defendant to file a demand for a trial *de novo*.

LAZER and THOMPSON, JJ., concur in the opinion of TITONE, J. P.; WEINSTEIN, J., dissents and votes to affirm the order of the Appellate Term, with an opinion.

Upon appeal by permission, order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated July 22, 1982, and order of the First District Court, Mineola, Nassau County, dated December 10, 1981, reversed, on the law, without costs or disbursements, and defendant's motion for leave to file a late demand for a trial *de novo* denied.