OPINION OF THE COURT
Alan J. Saks, J.
Plaintiff’s motion for leave to file for trial de novo, although defaulted to, is granted only to the extent indicated. The arbitration hearing in this matter was held on June 6,1984 and the award filed with the court on June 11, 1984.
The proper means of obtaining a trial de novo is to serve a demand for trial de novo on one’s adversary and to file the same with the clerk of the court. At the time of filing, the demandant is also required to pay to the clerk the arbitration panel’s fee. Both are supposed to occur within 30 days after the award is filed with the court. If either service or filing occurs within said time, the court has discretion to extend the time to do the act that was not done. (See 22 NYCRR 28.12.) However, if the losing party does nothing within said time, the court has no discretion to extend such time. (See Chase v Scalici, 97 AD2d 25, and the several Civil Court decisions in accord that are cited therein with approval, including this Judge’s decision in Watson v Jarvis, 116 Misc 2d 285.)
Here, plaintiff did not simply do nothing. In the apparently mistaken belief that it had to obtain court leave to demand trial de novo, it made the instant motion. The *412 affidavit of service shows that it was served by mailing on July 9,1984, which is 28 days after the filing of the award. Because service of said motion was a clear indication to defendant that plaintiff was seeking trial de novo, the court deems service of a motion therefor the functional equivalent of service of a demand for trial de novo. Accordingly, the court now deems the motion to be for the extension of time to file a demand for trial de novo after timely service of demand, a motion addressed to its discretion, and the court hereby grants said motion in the exercise of its discretion, on condition that, within 15 days after the entry of this order, plaintiff serves a copy of this order on defendant, files with the clerk a copy of this order with proof of service, and tenders the arbitration panel’s fee. Upon plaintiff’s compliance with those conditions, the calendar clerk shall treat the filed copy of this order showing proof of service as a timely filed demand for trial de novo and shall place the case on the appropriate Trial Calendar.