OPINION OF THE COURT
Anthony J. Garramone, J.
Plaintiff, Joseph Gazzal, moves for an order of this court granting an extension of time to serve a demand for a trial de novo, vacating the arbitration award, and restraining the clerk of the court from entering and docketing a judgment in this matter.
On or about October 1984, the plaintiff, appearing pro se, filed a small claims complaint against the defendants. Subsequently, defendants appeared, interposed an answer and counterclaim, and moved for a jury trial. After a mandatory arbitration hearing on August 28, 1985, the single arbitrator filed his arbitration case report. That report, dated September 12, 1985, was signed by the arbitrator and in the name of Kenneth C. Wheeler, Jr., Arbitration Commissioner. Said report contained no notice of entry nor notice of the date the document was filed in the Utica City Court. The report confirmed that the arbitrator had denied the plaintiff’s request for relief and had granted defendants a judgment on the counterclaim in the amount of $2,958 with interest from the date of the award, September 5, 1985. Defendants allege that said arbitration report was forwarded to both counsel on the date it was signed, September 12, 1985. While plaintiff does not deny receiving notice of said report and award, he maintains that it was defective in its failure to state the actual date of filing by the court clerk.
*69 The rules governing mandatory arbitration simply state that the report and award must be filed with the clerk and the parties notified of same. (22 NYCRR 28.11 [a].) Demand for a trial de novo must then be made within 30 days (35 days if service by mail) after service of said notice of filing on demandant. (22 NYCRR 28.12 [a].) Regardless of any irregularities in the filing procedure, the intent of the rule is to afford all parties time to make a valid demand. Thus, the threshold issue is whether plaintiff’s demand was timely. If so, plaintiff’s argument is rendered moot and any irregularity academic.
The crux of the issue at bar is whether demandant, plaintiff, effected a timely demand for a trial de novo. As stated, pursuant to 22 NYCRR 28.12 (a), demand for a trial de novo can be made by any party. Within 35 days after service by mail of the notice of filing of the award with the court clerk, any party may file with said clerk, and serve upon all adverse parties, a demand for a trial de novo. Demandant must accomplish both the filing and the service on adverse parties within that time period. Defendants claim that plaintiff failed to meet those prescribed requirements in a timely fashion. Plaintiff, conversely, asserts substantial compliance.
The chronology of events in the case at bar is of paramount importance in ascertaining compliance with the 22 NYCRR part 28 time limitations. Although it may be that plaintiff was unsure as to the date of filing of the report, it appears he nevertheless initially complied with the time requirements. Plaintiff states his demand was filed with the Utica City Court Clerk on October 4 and mailed to the defendants’ attorney on October 1. Both filing and notice appear to have been timely. Curiously, defendants concede the filing date but do not address themselves to whether they ever received the notice. Thereafter, plaintiff was informed that the filed demand contained a material typographical error. Plaintiff’s attorney corrected and initialled said error on the filed original document. On or about October 18, plaintiff’s attorney mailed the amended demand to the defendants’ attorney. Defendants allege that it is the second demand which was untimely.
There is no question but that plaintiff filed his demand in a timely manner. The subsequent correction of a document previously filed by the Utica City Court Clerk cannot alter the initial date on which it was filed. The court is also inclined to apply a liberal approach. In Albert Einstein Coll, of Medicine v Greco (125 Misc 2d 411 [1984]), the trial court was faced with *70 a set of circumstances in which the demandant neither filed his demand nor served same within the applicable time period. However, confused as to the proper method of demanding a trial de novo, the demandant did file a formal motion for a trial de novo within the time period. The court logically reasoned that the motion was tantamount to a section 28.12 demand. Since the timely motion was the "functional equivalent” of a demand, the court granted demandant an extension of time to serve. Similarly, this court is inclined to deem the initial, albeit harmlessly defective, filing to be in substantial compliance with 22 NYCRR 28.12. That being the case, plaintiffs October 1 service by mail upon defendants’ attorney consummated timely compliance with the arbitration procedural mandates.
However, even assuming, arguendo, that the initial notice was never received by defendants’ attorney, the court deems the demand to be timely. If either the filing with the court or the service upon the adverse party is accomplished within the applicable time period, the court can grant an extension of time to effect the other requirement if the failure to perform same was deemed to have been through "mistake or excusable neglect”. (22 NYCRR 28.12 [b].) This court would certainly exercise that discretionary right. Plaintiffs only mistake appears to have been the filing of a demand which contained a harmless facial error.
All of the cases cited by defendants are readily distinguishable from the case at bar. The rules governing arbitration are wholly analogous to those governing appeals pursuant to CPLR 5513. A court has no power to extend the time limit to demand a trial de novo if the demandant has neither timely filed his demand nor timely served same pursuant to 22 NYCRR 28.12. It has been reasoned that a trial court has no greater authority to waive the time requirement for demanding a trial de novo than it would have to waive the time limit for taking an appeal. (Parker, Clark Assoc, v ESM Data Sys., 108 Misc 2d 827 [1981]; Chase v Scalici, 97 AD2d 25 [2d Dept 1983].) That mandate is inviolate. However, that mandatory inflexibility applies only where both filing and service are untimely. It is equally undeniable that if demandant files a timely demand, but fails to effect timely service, the court has discretion to grant an extension to cure the omission. (22 NYCRR 28.12 [b]; Parker, Clark Assoc. v ESM Data Sys., supra, at p 828.)
Therefore, the court finds defendants’ demand to be timely *71 pursuant to 22 NYCRR part 28. The court orders the case to be placed on the appropriate calendar for trial. Plaintiffs motion, in all other respects, is hereby denied.