OPINION OF THE COURT
Richard S. Lane, J.
Defendant moves to strike from the calendar.
Arbitration was held herein on April 15, 1988 pursuant to 22 NYCRR 28.1 et seq., and resulted in an award in favor of defendant dismissing plaintiff’s cause of action which award was filed with the court on April 20, 1988. Subsequently on or about June 7, 1988 plaintiff served and filed a notice of trial. This motion followed.
In support of the motion defendant asserts the failure of plaintiff to make a demand for a trial de novo within 30 days after service of notice of filing of award with the court as required by 22 NYCRR 28.12. Such demand has been likened to a notice of appeal and held to be jurisdictional (Chase v Scalici, 97 AD2d 25; Cerame v Genesee Monroe Racing Assn., 72 Misc 2d 567).
In opposition plaintiff alleges that it never received a copy *612 of the award as required by 22 NYCRR 28.11 and never received service of notice of filing thereof to commence the running of the 30-day period within which demand for trial de novo must be made.
With respect to the former, court records appear to substantiate plaintiff’s complaint since the appropriate box on the arbitration report on file was not checked by the arbitration panel. With respect to the latter, there is a cryptic legend "By Mail” at the bottom of the arbitration report adjacent to section IV of the form which was apparently designed for notice of filing to the parties, but which has apparently not been used for the purpose intended. Instead a form postcard is sent by the Office of Arbitration Services and in this case defendant received its copy of the form postcard. No log or other record of mailing of form postcards is maintained by the Court Clerk or the Office of Arbitration Services.
Whether under these circumstances a motion by plaintiff to extend the time for making a demand or to allow a demand nunc pro tunc would be successful is uncertain. The ruling in Chase v Scalici (supra) would be an obstacle, but otherwise plaintiff’s alleged plight is appealing and may raise constitutional issues. The reputation of the United States Postal Service as a paragon of reliability is eroding rapidly, and in none of the published cases has an alleged failure to receive notice of filing been combined with an alleged lack of knowledge of the award itself.
No such motion, however, has been made by plaintiff. Instead he followed the erroneous and unnecessary procedure of a notice of trial as if arbitration had never been held and 22 NYCRR 28.12 didn’t exist. Plaintiff has never yet demanded a trial de novo in any communication to the court or defendant. Nor has plaintiff yet reimbursed the Clerk for the arbitration panel fees.
Accordingly, the motion to strike from the calendar is granted. St. Germain Fashions v A.F.T. Servs. (112 Misc 2d 16) is not to the contrary. There a notice of trial de novo was served and filed within the required 30 days.