OPINION OF THE COURT
Richard S. Lane, J.
Plaintiff moves to allow a demand for trial de novo nunc pro tunc.
Arbitration was held April 15, 1988 and resulted in an award in favor of defendant dismissing plaintiff’s cause of action. On June 7, 1988 plaintiff served and filed a new notice *771 of trial. Defendant’s following motion to strike from the calendar was granted by me pursuant to decision dated July 29, 1988 (140 Misc 2d 611). In my decision I chided plaintiff for completely ignoring the provisions of part 28 of the Rules of the Chief Judge (22 NYCRR part 28), and invited this motion as the proper remedy for the relief he was seeking.
Plaintiff alleges that he never received a copy of the award from the arbitrators as required by 22 NYCRR 28.11 nor did he receive service of notice of filing of the award with the court clerk as required by section 28.12. Accordingly he claims that the 30-day period within which a trial de novo may be demanded has never started running, and the jurisdictional rule of Chase v Scalici (97 AD2d 25) is not applicable.
The requirement of service of notice of filing of award with the court clerk was added by an amendment to section 28.12 adopted by the Chief Judge on April 24, 1985, perhaps to address the constitutional qualms which I expressed in my decision of July 29th. This requirement could be satisfied by a formal notice served either by a party or by the court. In practice, however, it has been satisfied by informal postcards mailed by the court. No log of mailing is maintained.
The record appears to support plaintiff with respect to failure to receive a copy of the award since the appropriate box in the arbitrators’ report to the court has not been checked. With respect to service of notice of filing with court clerk, the record is ambiguous. There is a cryptic "By Mail” inscription on the arbitrators’ report but there is no way to determine when and by whom the inscription was made nor to what it refers.
Under these circumstances, to avoid possible constitutional infirmity, the motion is granted on condition plaintiff reimburse the court clerk in the amount of the arbitrators’ fees pursuant to section 28.12 (c). The court suggests to the Arbitration Commissioner either the maintenance of a log for mailing notices of filing of awards or, perhaps less onerously, the revision of the arbitration report to include a box for checking on mailing of notice of award.
Plaintiff shall without undue delay serve a copy of this order upon the calendar clerk together with proof of reimbursement of the arbitrators’ fees, and the calendar clerk shall notify both parties of date and part for trial de novo.