OPINION OF THE COURT
Memorandum.
Order unanimously modified by striking the provision denying the cross motion for sanctions against defendant and remanding the matter to the court below for the imposition of *555 sanctions, and, as so modified, affirmed, with $10 costs to plaintiff.
Plaintiff instituted this action to recover damages resulting from the alleged malpractice of defendant law firm. The claimed negligence of defendant was its failure to timely demand a trial de nova on behalf of plaintiff following arbitration in an action wherein plaintiff was a defendant. The arbitration panel made an award against plaintiff herein who, after learning of a judgment against her, discharged defendant and retained another attorney. In this action, defendant has counterclaimed against plaintiff and brought a third-party action against two attorneys who subsequently represented her.
Plaintiff sought discovery of defendant’s file involving the prior action and defendant moved for a protective order. Plaintiff and third-party defendant MacAskill cross-moved for summary judgment and sanctions against defendant. The court below denied the protective order and the request for sanctions, granted summary judgment dismissing the affirmative defenses and counterclaims, and partial summary judgment finding defendant negligent. Defendant has appealed from the denial of the protective order, as well as the dismissal of the affirmative defenses, counterclaims and third-party complaint and the granting of partial summary judgment in favor of plaintiff. Plaintiff and MacAskill cross-appeal from the denial of sanctions.
The main issue concerns the negligence of defendant. The arbitration rules (22 NYCRR part 28) mandate arbitration in civil actions where the amount sought to be recovered is $6,000 or less. Following arbitration, a demand for a trial de nova may be made by any party not in default. The rules originally required the demand to be made within 30 days after the filing of the award with the appropriate court clerk and it was held that courts were without power to extend the time within which to make a demand (Chase v Scalici, 97 AD2d 25). 22 NYCRR 28.12 (a) was amended subsequent to Scalici so that the time of a party to make a demand does not start to run until the party is served with notice of filing of the award. It is the contention of defendant that it was never served with a copy of the award or notice of its filing, so that it could not have been negligent in failing to make a demand for a trial de nova.
The court below concluded that service of the notice was *556 established by certain exhibits submitted by plaintiff. These exhibits were a copy of the award containing a check mark in the box indicating a mailing, as well as a letter from the deputy chief clerk of the court stating that the court’s records show that an arbitration program card was sent to both parties. In our opinion, these unsworn documents were insufficient to establish service of the notice of filing as a matter of law. In fact, the copy of the award submitted in the papers contains a space for indicating that notice of the filing was given, but it was not filled out.
Nevertheless, we do conclude that defendant was negligent. Defendant conceded that some time in the middle of November 1987 the attorney for the successful party in the prior action served a copy of the judgment upon it. A copy of the judgment was annexed to the motion papers and it states thereon that $2,543.75 was awarded after an arbitration and that a decision had been rendered after an arbitration in favor of plaintiff (in the prior action). Inasmuch as a judgment pursuant to an arbitration award would not be entered prior to the filing of the award, we deem the service of such judgment to be service of notice of the filing of the award so as to start the running of the time within which defendant could demand a trial de nova. We note that service of the notice may be made either by the court or by a party (see, Greenberg v Brooks Woolen Co., 141 Misc 2d 770).
The record before us indicates that after service upon it of the judgment, defendant did nothing and its client did not learn of the judgment until January 1988 when the Sheriff sought to execute upon the judgment. Although defendant prepared an order to show cause to vacate the judgment and for a trial de nova, this application was made well after the time to demand a trial de nova had expired, and an affirmation in support of the motion by a member of defendant’s law firm admitted that the "time to file for a trial de nova has lapsed.” In view of the Appellate Division holding in Scalici (supra), the court had no alternative but to deny the motion.
Under the circumstances, the failure to obtain a trial de nova is clearly attributable to defendant’s inaction and the conclusion that it was negligent is inescapable. Of course, in order to recover damages from defendant, plaintiff will still have to establish that it would have ultimately been successful in the prior action. However, defendant’s negligence has been established as a matter of law on the motion for summary judgment.
*557 The denial of the motion for a protective order was clearly proper. Inasmuch as defendant was discharged for cause, it is not entitled to be paid for its services and has no retaining lien (see, 2 Weinstein-Korn-Miller, NY Civ Prac MI 321.12, 321.14).
We are also in agreement with the dismissal of the affirmative defenses, counterclaims and third-party complaint, and conclude as the court below did that the answer and third-party complaint were frivolous within the meaning of CPLR 8303-a. The court did not impose sanctions because CPLR 8303-a applies to personal injury litigation and the new part 130 of the Uniform Rules for Trial Courts (22 NYCRR), which permits sanctions in any civil action (except where prohibited by law), did not become effective until January 1, 1989. However, "personal injury” is defined as including "libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury” (General Construction Law § 37-a). An injury to a person within the meaning of the law does not necessarily involve the element of personal contact with the person complaining of the injury (Riddle v MacFadden, 201 NY 215), and "personal injury” includes every variety of injury to a person’s body, feelings or reputation (Bonilla v Reeves, 49 Misc 2d 273). Thus, sanctions pursuant to CPLR 8303-a have been imposed in an action for defamation (Mitchell v Herald Co., 137 AD2d 213, appeal dismissed 72 NY2d 952). An examination of the pleadings indicates causes of action based on defamation, extortion and abuse of process. We are of the opinion that these came within the General Construction Law definition of "personal injury” and monetary sanctions should be imposed.
DiPaola, P. J., Stark and Collins, JJ., concur.