Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C. v Wende (2020 NY Slip
Op 51012(U))

[*1]

Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C. v
Wende

2020 NY Slip Op 51012(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, JERRY GARGUILO, JJ

2019-186 N C

Sanders, Sanders, Block, Woycik, Viener
& Grossman, P.C., Respondent,
against
Steven Wende and Colleen Connaughton-Wende, Appellants.

Steven Wende and Colleen Connaughton-Wende, appellants pro se.
Paul Ajlouny & Assoc., P.C. (Edward J. Nitkewicz of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia,
J.), dated December 6, 2018. The order denied defendants' motion to extend their time to demand
a trial de novo.

ORDERED that the order is affirmed, without costs.
After plaintiff, Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C.,
commenced this action to recover attorneys' fees, the matter was arbitrated pursuant to Rules of
the Chief Judge (22 NYCRR) part 28. On May 24, 2018, the arbitrator awarded plaintiff the
principal sum of $6,080. The arbitration award was annexed to a notice of arbitration award,
dated May 24, 2018, issued by a clerk of the Nassau County District Court, which notice
informed defendants that any demand for a trial de novo had to be filed, with proof of service,
with the clerk of the Nassau County District Court, on or before June 28, 2018. Defendants failed
to serve or file their demand for a trial de novo until June 29, 2018. They subsequently moved for
an order extending their time to demand a trial de novo, in effect conceding that their time to do
so had expired. Defendants alleged that plaintiff had avoided service of their demand, and that
their delay in serving and filing a demand for a trial de novo had also been due to confusion
about applicable court procedures occasioned by their pro se status. By order dated December 6,
2018, the District Court denied their motion, citing Rules of the Chief Administrator of the
Courts (22 NYCRR) § 137.8 (a) in support of its conclusion that defendants had been
untimely in seeking de novo review following arbitration.
At the outset, we note that the District Court improperly cited to Rules of the Chief
Administrator of the Courts (22 NYCRR) part 137 in reaching its decision. Part 137 establishes
an informal method for the resolution of fee disputes and a method for seeking de novo review of
an arbitration award made pursuant to part 137 by the commencement of an action on the merits
in a court of competent jurisdiction (Rules of Chief Admin of Cts [22 NYCRR] § 137.8).
Part 137 is inapplicable here, since an action had already been commenced. Instead, the
arbitration was conducted pursuant to Rules of the Chief Judge (22 NYCRR) part 28, as was
indicated in the [*2]court clerk's notice of arbitration award.
Rules of the Chief Judge (22 NYCRR) § 28.12 establishes a 30-day deadline to demand
a trial de novo, or a 35-day deadline if service of the notice of award is by mail. After the
expiration of the time to demand a trial de novo, in the absence of such demand, unless the award
is vacated, the arbitrator's award becomes final (see Rules of Chief Judge [22 NYCRR]
§ 28.11 [b]). As defendants failed to either serve or file a timely demand for a trial de novo
(cf. Rules of Chief Judge [22 NYCRR] § 28.12 [b]), their motion was properly
denied (see Molla v Alam, 51 Misc
3d 136[A], 2016 NY Slip Op 50560[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2016]; Citibank (SD), N.A. v Boyce,44 Misc 3d 128[A], 2014 NY Slip Op 50981[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2014]; U.S. Building and Design Inc. v
Melia, 2003 NY Slip Op 50847[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003];
see also Chase v Scalici, 97 AD2d 25 [1983]).
We reach no other issue.
Accordingly, the order is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020