Optimum Med., P.C. v GEICO (2020 NY Slip Op 51420(U))

[*1]

Optimum Med., P.C. v GEICO

2020 NY Slip Op 51420(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1525 S C

Optimum Medical, P.C., Assignee of Andre
Wilson, Respondent, 
against
GEICO, Appellant. 

Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
appellant.
Gabriel & Shapiro, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated April 1, 2019. The order denied defendant's motion to vacate a judgment
entered pursuant to an arbitrator's award.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in 2011 to recover assigned first-party no-fault benefits in
the principal sum of $210.78. After issue was joined, the matter was referred to mandatory
arbitration in the District Court (see Rules of Chief Judge [22 NYCRR] part 28).
Thereafter, defendant insurer (GEICO) brought a declaratory judgment action in the Supreme
Court, Kings County. By order entered December 26, 2014, the Supreme Court granted, on
default, GEICO's motion for a declaratory judgment and declared that GEICO is not obligated to
pay any first-party benefits to the instant provider, among others, for claims seeking payment
under policy numbers and claim numbers which were listed in the order. In 2016, the arbitrator
found in favor of plaintiff Optimum Medical, P.C. and awarded plaintiff the principal sum of
$210.78. A judgment was entered in the District Court on September 19, 2016 pursuant to the
arbitrator's award. On August 14, 2018, defendant moved in the District Court to vacate "the
award [sic] entered September 19, 2016 and any and all judgments based thereon, upon the
ground that there exists a prior Order of the Supreme Court of the State of New York, County of
Kings." Plaintiff opposed the motion. By order dated April 1, 2019, following a hearing, the
District Court denied defendant's motion.
Rules of the Chief Judge (22 NYCRR) § 28.12 establishes a 30-day deadline to demand
a [*2]trial de novo, or a 35-day deadline if service of the notice of
award is by mail. After the expiration of the time to demand a trial de novo, in the absence of
such demand, and unless the award is vacated (see Rules of Chief Judge [22 NYCRR]
§ 28.13 [a]), the arbitrator's award becomes final (see Rules of Chief Judge [22
NYCRR] § 28.11 [b]). In the case at bar, as defendant did not serve or file a demand for a
trial de novo, the award to plaintiff became final (see Rules of Chief Judge [22 NYCRR]
§ 28.11 [b]). Consequently, there is no basis to vacate the judgment entered September 19,
2016 upon the arbitrator's award (see
Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C. v Wende, 68 Misc 3d
133[A], 2020 NY Slip Op 51012[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
Molla v Alam, 51 Misc 3d
136[A], 2016 NY Slip Op 50560[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016];
Citibank (SD), N.A. v Boyce, 44
Misc 3d 128[A], 2014 NY Slip Op 50981[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2014]). In view of the foregoing, we reach no other issue.
Accordingly, the order is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020