■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v ANDREW MANTOVANI, Appellant. [658 NYS2d 926] —In a proceeding pursuant to CPLR article 75 to stay arbitration, Andrew Mantovani appeals (1) from an order of the Supreme Court, Nassau County (O'Brien, J.), entered November 22, 1995, which (a) denied that branch of his motion which was to dismiss a plenary action commenced by Aetna Casualty & Surety Company for a trial de novo of his claims for benefits pursuant to the supplementary uninsured motorist endorsements of certain policies of automobile insurance, (b) denied as academic that branch of his motion which was to confirm an arbitration award to the extent that it awarded him $300,000, and (c) directed that interest on the arbitration award should be computed from the date of the award, and (2), as limited by his brief, from so much of an order of the same court, entered August 26, 1996, as denied his motion to confirm the arbitration award in its entirety and to dismiss the trial de novo action.

Ordered that the appeal from so much of the order entered November 22, 1995, as denied that branch of the appellant's motion which was to dismiss the action for a trial de novo, and denied as academic that branch of the appellant's motion which was to confirm an arbitration award to the extent that

it awarded him $300,000, is dismissed, as those portions of the order were superseded by the order entered August 26, 1996; and it is further,

Ordered that the order entered November 22, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered August 26, 1996, is modified on the law, that branch of the appellant's application which was to confirm the arbitration award in its entirety is granted, and as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant was injured in an automobile collision and ultimately settled his claim with the tortfeasor for $100,000. He subsequently demanded arbitration of his claim for underinsured motorist benefits under three separate automobile insurance policies issued by the petitioner Aetna Casualty & Surety Company (hereinafter Aetna). It is undisputed that the first was a business automobile policy issued to the appellant's law partnership with an underinsured motorist coverage limit of $300,000, while the second was a personal automobile policy issued to the appellant and his wife with an underinsurance coverage limit of $500,000, and the third was a personal automobile policy issued to the appellant's daughter with an underinsurance coverage limit of $100,000. The business automobile policy provided for binding common-law arbitration with no right to a trial de novo, while the personal automobile policies gave either party the right to demand a trial de novo if the amount awarded in arbitration exceeded the minimum limit for bodily injury liability specified by the financial responsibility law of New York. The parties agreed that the business automobile policy would provide primary underinsured motorist coverage, while the personal automobile policies would provide excess coverage.

Following the denial of the petition by Aetna to stay arbitration, the parties proceeded to arbitration on the three policies. In a January 1995 award, the arbitrators determined that the appellant suffered damages of $1,150,000 and awarded him underinsured benefits of $900,000, the maximum aggregate amount available under the three policies. Aetna then commenced a plenary action for a trial de novo pursuant to the terms of the personal automobile policies. The appellant moved to confirm the arbitration award and to dismiss the de novo action, contending, *inter alia*, that a previous order of the court precluded a trial de novo. He likewise argued that the arbitration award was final and binding. The appellant also sought

interest on the award from the date Aetna consented to his settlement with the tortfeasor. Aetna conceded that the appellant was entitled to recover $300,000 pursuant to the arbitration award and in fact paid that amount to the appellant because that was the amount of coverage available under the business automobile policy which provided for binding arbitration. However, Aetna insisted that the remaining $600,000 of the award, representing the coverage amounts under the two personal automobile policies, was subject to a trial de novo as set forth in those policies. Aetna further maintained that any award of interest should run from the date of the arbitration award. In an order entered November 22, 1995, the Supreme Court denied the appellant's request to dismiss the de novo action, although the court specifically did not reach the issue of whether coverage under the personal automobile policies should be determined by the binding arbitration procedure mandated in the business automobile policy. The court also denied confirmation of the arbitration award even to the extent of the $300,000 coverage under the business automobile policy, reasoning that the request was academic because the parties had agreed that the appellant clearly was entitled to that amount. Finally, the court determined that any interest award should be computed from the date of the arbitration award.

Thereafter, the appellant again sought confirmation of the arbitration award and dismissal of the de novo action, arguing, *inter alia*, that the award was entitled to res judicata effect and thus precluded a plenary action by Aetna based on the same claim. In an order entered August 26, 1996, the Supreme Court denied the motion. The appellant has appealed from both of the foregoing orders.

Contrary to the contention of Aetna and the determination of the Supreme Court, the appellant is entitled to confirmation of the arbitration award in its entirety. There is no question that pursuant to the terms of the business automobile policy, the parties were required to submit to binding arbitration of the appellant's underinsured motorist claim against Aetna. Once an award was rendered with regard to that claim, the appellant moved to have it confirmed and Aetna failed to come forward with a sufficient basis to oppose the motion or to vacate or modify the award. Under these circumstances, the Supreme Court erred in denying confirmation both in its November 22, 1995, order and in the superseding August 26, 1996 order (*see*, CPLR 7510; *Geneseo Police Benevolent Assn. v Village of Geneseo*, 91 AD2d 858, *affd* 59 NY2d 726). The request to confirm the award in its entirety clearly was not rendered academic

merely because Aetna agreed that the appellant was entitled to payment of $300,000 pursuant to the business automobile policy (*see, Matter of Ricciardi [Travelers Ins. Co.]*, 102 AD2d 871).

Furthermore, considerations of finality and consistency in the resolution of disputes compel the conclusion that the arbitration award, as confirmed, must be accorded res judicata effect (*see, Velazquez v Water Taxi*, 49 NY2d 762). The claim by Aetna that confirmation of the entire award would prejudice its contractual right to trial de novo under the personal automobile policies is unavailing. Aetna itself created the potential for such claimed prejudice when it extended coverage to the appellant under multiple policies with different arbitration clauses, some of which provided for binding arbitration and some of which permitted trial de novo. The arbitrators, acting within their authority, determined that Aetna is liable to the appellant and that the appellant's damages exceeded $900,000. Were Aetna now permitted a trial de novo with regard to coverage and/or damages under the personal automobile policies (matters already determined in the binding arbitration), a conflicting determination based upon the identical facts could occur. Such a result is untenable where the parties have submitted to binding arbitration pursuant to a valid and enforceable agreement.

Nevertheless, while it is clear that the arbitration award is entitled to res judicata effect and would warrant the dismissal of the action de novo on that basis, the appellant improperly sought dismissal of the de novo action in the context of this CPLR article 75 proceeding. Rather, that relief must be sought in the separate, presently pending de novo action between the parties. Furthermore, we agree with the Supreme Court that interest on the arbitration award is to be computed from the date of the award (*see*, CPLR 5002; *Board of Educ. v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553; *Matter of Yeroush Corp. v Nhaissi*, 164 AD2d 891, *affd* 78 NY2d 873).

We have considered Aetna's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.