■ In the Matter of HELEN ABADINSKY et al., Respondents, v AETNA CASUALTY & SURETY COMPANY, Appellant. [672 NYS2d 424] —In a proceeding pursuant CPLR article 75 to confirm arbitration awards, the appeal is from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated May 7, 1997, as confirmed the awards.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners and the appellant, Aetna Casualty & Surety Company (hereinafter Aetna), went to arbitration on the petitioners' claims for uninsured motorist benefits. The subject insurance policy gave either party the right to demand a trial de novo if the amount awarded in arbitration exceeded the minimum limit for bodily injury liability specified by the financial responsibility law of New York. It also provided that if such demand was "not made within 60 days of the arbitrators' decision, the amount of damages awarded by the arbitrators [would] be binding".

In separate decisions both dated September 6, 1996, the arbitrators awarded the petitioner Helen Abadinsky $12,500, and the petitioner Harvey Abadinsky $125,000. The petitioners commenced the instant proceeding in the Supreme Court, Richmond County, pursuant to CPLR article 75 to confirm the awards. On January 22, 1997, after being served with the notice of petition and petition to confirm, Aetna commenced an action in the Supreme Court, Suffolk County, for a trial de novo on the petitioners' claims for uninsured motorist benefits (hereinafter the de novo action). Aetna also opposed the instant proceeding, stating that the arbitration awards should not be confirmed because it had asserted its right to a trial de novo. The Supreme Court confirmed the arbitration awards. We affirm.

The petitioners "improperly sought dismissal of the de novo action in the context of this CPLR article 75 proceeding. Rather, that relief must be sought in the separate, presently pending de novo action between the parties" (*Matter of Aetna Cas. & Sur. Co. v Mantovani*, 240 AD2d 566, 569). However, we reject Aetna's contentions that the petitioners are precluded from raising, in the instant proceeding, the issue of whether the de novo action was timely commenced (*see, Matter of Aetna Cas. & Sur. Co. v Mantovani, supra* [arbitration award confirmed despite insurer's plenary action for a trial de novo]).

We also reject Aetna's claim that there are no arbitration awards to confirm because its commencement of the de novo action "eliminated" the arbitration awards. Under certain cir-

cumstances, "an arbitration award is presumed to be dormant while the de novo action is pending", resulting in a proceeding to confirm the award being held in abeyance while the de novo action is pending (*Matter of Gersten v American Tr. Ins. Co.,* 161 Misc 2d 57, 63; *see also, Matter of Capuano v Allstate Ins. Co.,* 122 AD2d 138, 139), but this is not always the case (*see, Matter of Aetna Cas. & Sur. Co. v Mantovani, supra*). In *Mantovani,* we held that the claimant was entitled to have an arbitration award confirmed despite the fact that a related de novo proceeding was pending.

We conclude that Aetna failed to timely demand a trial de novo in accordance with the policy, which should be enforced according to its terms (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). It clearly provides that if such a demand is "not made within 60 days of the arbitrators' decision, the amount of damages awarded by the arbitrators will be binding". Aetna clearly did not demand a trial de novo within 60 days of the arbitrators' decision. Therefore, Aetna's demand for a trial de novo was not timely, and the arbitration awards were properly confirmed (*see, Matter of Aetna Cas. & Sur. Co. v Mantovani, supra*).

Aetna's claim that the petitioners did not establish that the arbitrator mailed the arbitration awards in compliance with CPLR 7507 will not be considered as it is improperly raised for the first time on the appeal. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.