■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v REGINA JEDLICKA, Respondent. [721 NYS2d 100] —In a proceeding pursuant to CPLR article 75, New York Central Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated July 12, 1999, as granted that branch of the motion of Regina Jedlicka which was to vacate its demand for a trial de novo.

Ordered that the order is affirmed insofar as appealed from, with costs.

New York Central Mutual Fire Insurance Company (hereinafter New York Central), and Regina Jedlicka proceeded to arbitration on Jedlicka's claim for uninsured motorist benefits. On November 9, 1998, the arbitrator rendered his decision awarding Jedlicka $95,000. The decision was mailed to the parties on November 16, 1998. On January 13, 1999, New York Central served a demand for a trial de novo pursuant to the terms of Jedlicka's insurance policy which gave either party the right to a trial de novo if the amount awarded in arbitration exceeded the minimum limits for bodily injury liability required under the law of New York. If such a demand was not made "within 60 days of the arbitrators' decision," the amount of damages awarded in arbitration would be binding.

The Supreme Court correctly concluded that New York Central's demand for a trial de novo was untimely as it was made more than 60 days after the arbitrator's decision (*see, Matter of Abadinsky v Aetna Cas. & Sur. Co.,* 250 AD2d 673).

Contrary to New York Central's contention, the policy clearly and unambiguously provides that the 60-day period begins to run from the date of the decision, not from the date the decision was served. Nor was the New York Central entitled to an additional five days to make its demand pursuant to CPLR 2103 (b) (2). That statute is applicable to service of papers in a pending action "where a period of time prescribed by law is measured from the service of a paper and service is by mail" (CPLR 2103 [b] [2]), which is not the situation here.

In light of our determination that the demand was untimely, it is unnecessary to address the parties' remaining contentions. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.