OPINION OF THE COURT
Richard Velasquez, J.
Background
Respondent, Laurence A. Levine, moves this court to dismiss the instant petition on the basis that the court lacks jurisdiction to hear this matter. Petitioner’s claims arise out of an attorney-client relationship wherein the petitioner, Thomas Pruzan, Esq., was retained by the respondent to represent him in a landlord-tenant proceeding. Respondent paid a retainer of $5,000 to petitioner to secure his services. At some point during petitioner’s representation, respondent became dissatisfied with petitioner’s services, and chose to terminate the relationship. Respondent demanded return of his retainer for petitioner’s services, and petitioner refused. Respondent then availed himself of the New York State fee dispute resolution program (Rules of Chief Administrator of Cts [22 NYCRR] part 137) wherein a dissatisfied client may seek to resolve a fee dispute by arbitration. “Arbitration . . . shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.” (Rules of Chief Administrator of Cts § 137.2 [a].)
Respondent filed a client request for fee arbitration with the Brooklyn Bar Association on or about February 17, 2006. Arbitration was held at the Brooklyn Bar Association on or about May 30, 2006 before Barbara S. Odwak pursuant to the Rules of the Chief Administrator of the Courts part 137, entitled “Fee Dispute Resolution Program.” The amount in dispute was $5,000. On June 8, 2006 an arbitration award was entered in the “Matter of Fee Dispute Arbitration between Laurence A. Levine, Client and Robert [sic] Pruzan, Esq.,” wherein Mr. Levine was found to be entitled to a refund by Mr. Pruzan of $2,500. Mr. Pruzan requested that a new arbitration award notice be issued as the name of “Robert Pruzan, Esq.,” father of petitioner herein, was shown in the caption of the June 8, 2006 award to the attorney. Another award notice was issued with *379 the correct attorney’s name in the caption on July 13, 2006. In order to ensure compliance with section 137.8 (30-day requirement), however, Mr. Pruzan filed a demand for a trial de novo on July 6, 2006.
Mr. Pruzan alleges that he was unable to determine what procedure governed his request for a trial de novo, and how to obtain a trial on the issue of whether he was entitled to keep his retainer from Mr. Levine. After several conversations with court clerks in Kings County Civil Court he was advised to bring a petition under CPLR 7511 to set aside the arbitration award and to determine what, if any, refund Mr. Levine was entitled to receive. Following that advice, Mr. Pruzan brought a notice of petition and petition for the above relief, returnable in Part 34 on August 30, 2006. Mr. Levine, the respondent herein, then brought a motion to dismiss and for other relief alleging that petitioner had failed to timely commence an action within 30 days, which was finally heard on October 24, 2006.
The court has gone to considerable lengths to determine what procedure must be followed where a demand for a trial de novo is timely made pursuant to the part 137 fee dispute resolution program, but where the action is commenced after 30 days have expired, and what kind of action should be commenced. With the assistance of the executive director of the Brooklyn Bar Association, the local administrator for the fee dispute resolution program and the Office of Alternative Dispute Resolution of the Unified Court System, the court has determined the proper procedure.
Discussion
Section 137.8 (a) of the Rules of the Chief Administrator of the Courts (22 NYCRR 137.8 [a]) provides under the caption “De novo review”:
“A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.”
The court notes that commencing de novo review has been the subject of some confusion among attorneys, clients and court staff. Two recent decisions confirm that litigants and court staff alike have sought guidance regarding not only the appropriate *380 pleadings to commence de novo review but also in which court such review should be sought.
In Borgus v Marianetti (7 Misc 3d 1003[A], 2005 NY Slip Op 50420DJ] [Rochester City Ct 2005]), the court discussed the difficulties faced by an aggrieved party who sought relief from an award issued during fee dispute resolution program (FDRP) arbitration. In Borgus, neither party properly commenced an action in the Rochester City Court in accordance with the statutory procedures for commencing actions in city courts; rather, the attorney filed a document called a “Demand for a Trial De Novo.” Despite the fact that neither party had filed a summons, complaint, answer, note of issue, or certificate of readiness, the court held that it was not jurisdictionally fatal for the party who was aggrieved by an FDRP arbitration award to initiate de novo judicial review by filing a document labeled, “Demand for a Trial De Novo.”
In Mahl v Rand (11 Misc 3d 1072[A], 2006 NY Slip Op 50518[U] [Civ Ct, NY County 2006]), the attorney and client proceeded through the fee dispute arbitration program of the local bar association, and the arbitrator awarded the attorney $4,000. The client then attempted to “commence a proceeding for a trial de novo, [and e]ach time, the client was told politely that the Civil Court had no known procedure for commencing an action with a demand for a trial de novo.” (Mahl v Rand, 2006 NY Slip Op 50518[U], *2, supra.) The client was unable to commence de novo review in a court of competent jurisdiction within the 30-day limit set forth in 22 NYCRR 137.8 (a), and the attorney sought to confirm the arbitrator’s award pursuant to CPLR 7510. The court concluded that the client had made repeated good-faith attempts to commence de novo review and concluded that “it is appropriate to deem the client’s showing to be a cross petition to vacate the arbitration award and, in light of the established facts, grant such cross petition and order that the legal fees claim of the attorney proceed as a plenary action.” (Mahl v Rand, 2006 NY Slip Op 50518[U], *3.)
Both Borgus v Marianetti and Mahl v Rand highlight the challenges that some litigants face in exercising their right to de novo review pursuant to 22 NYCRR 137.8 (a), and both opinions demonstrate the need for judicial flexibility and creativity when parties seek to comply with deadlines but confusion exists as to proper procedure. Accordingly, this court seeks to clarify the procedures that should be followed'by parties who seek de novo review.
*381 Initially, the following analysis assumes that the parties seek relief through the commencement of a plenary action rather than by motion in any pending litigation in which the attorney represented the client.
A party who is aggrieved by an arbitration award and who seeks to commence de novo review must first determine the remedy sought. In those cases where the aggrieved party seeks a court order stating that he or she does not owe the other party any money (i.e., cases in which a client seeks an order declaring that the client does not have to pay a fee that the attorney claims is due and owing or cases in which an attorney seeks an order declaring that the attorney need not refund money previously paid by the client to the attorney), the aggrieved party must commence an action for declaratory relief, which is available only in Supreme Court pursuant to CPLR 3001.
In those cases where the aggrieved party seeks to recover money (i.e., cases in which an attorney seeks to recover money from a client who has not yet paid a fee or cases in which a client seeks to recover money previously paid to an attorney), the aggrieved party faces a second inquiry: what is the amount sought? The New York City Civil Court has jurisdiction over proceedings for the recovery of money where the amount sought does not exceed $25,000. (NY City Civ Ct Act § 202.)[1]
In those cases where the amount sought does not exceed $25,000, the aggrieved party may commence an action in the New York City Civil Court. The commencement of such an action must comply with the pleading requirements set forth in article 9 of the New York City Civil Court Act and Uniform Civil Rules for the New York City Civil Court (22 NYCRR) part 208.
In those cases where the amount sought exceeds $25,000, the aggrieved party must commence an action in New York State Supreme Court, and the pleadings must comply with the pleading requirements set forth in article 30 of the Civil Practice Law and Rules.
In the instant matter, the court finds that the petitioner made a good-faith attempt to obtain de novo review within the 30-day *382 window set forth in 22 NYCRR 137.8 (a). The court finds that Mr. Pruzan timely filed a demand for a trial de novo within 30 days of the date when the Brooklyn Bar Association mailed the arbitrator’s award to him and, pursuant to advice received from Kings County Civil Court, he filed a petition pursuant to CPLR 7511 within that 30-day window.
However, given that petitioner essentially seeks a declaration from the court that he is under no obligation to refund any of his former client’s money, the court concludes that it lacks jurisdiction because the Civil Court cannot issue equitable relief, and an action commenced pursuant to CPLR 7511 cannot provide petitioner with the relief he seeks.
Accordingly, the court dismisses Mr. Pruzan’s petition with leave to file an action in New York State Supreme Court for declaratory relief.

. The district courts and the city courts in cities outside of New York City have jurisdiction over proceedings for the recovery of money where the amount sought does not exceed $15,000 (Uniform Dist Ct Act § 202; Uniform City Ct Act § 202), and the town and village courts have jurisdiction over proceedings for the recovery of money where the amount sought does not exceed $3,000 (Uniform Justice Ct Act § 202).