*618 OPINION OF THE COURT
Sondea K. Pardes, J.
The plaintiff commenced this action to obtain a de novo review of the facts with respect to the parties’ fee dispute arbitration conducted under the Unified Court System’s Attorney-Client Fee Dispute Resolution Program pursuant to 22 NYCRR 137.0 et seq.
Background
On or about June 14, 2005, the plaintiff retained the defendant law firm to prosecute an appeal with respect to a Surrogate’s Court proceeding and signed an agreement to pay an “initial advance retainer” in the sum of $6,000. The plaintiff ultimately paid $5,638.84 toward the retainer. The defendant law firm prepared and filed the record on appeal and the appellant’s brief. The defendant sent the plaintiff periodic itemized bills for its legal services and the costs for disbursements. The plaintiff failed to pay these bills. On or about October 16, 2006, the parties participated in an attorney-client fee dispute arbitration pursuant to 22 NYCRR part 137. That arbitration proceeding resulted in an amended arbitration award dated November 13, 2006, granting the defendant law firm a judgment against the plaintiff herein in the sum of $6,538.79.
Section 137.8 of the rules governing the Fee Dispute Resolution Program entitled “De novo review” provides, in pertinent part, that: “(a) A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed.”
The plaintiff commenced this action on December 20, 2006 by filing an endorsed summons and complaint. The complaint specifies the following cause of action: “Fee dispute with attorney went to arbitration. Lost arbitration disputing decision.”
The defendant law firm moved to dismiss this action on the grounds, inter alia, that the plaintiff failed to commence this action within the time prescribed by the rule. In a decision dated March 28, 2007, this court (Engel, J.) found that the plaintiff had filed the action within the time prescribed by 22 NYCRR 137.8 and denied the defendant’s motion to dismiss this action. The defendant law firm did not answer the complaint or counterclaim for relief in this action.
This matter came on for trial on May 21, 2007. On that date Richard Gertler, Esq., testified for the defendant. Mr. Gertler *619 described the circumstances under which his firm was retained by the plaintiff and he described the nature of the legal services performed by his law firm. They reviewed “two banker boxes” full of documents pertaining to the Surrogate’s Court proceeding, conducted legal research, consulted with their client and prepared the record on appeal and the brief. They sent the plaintiff periodic itemized bills for their services and disbursements, including the appellate printer’s bill for $2,228.88, and she failed to make timely payments.
The plaintiff, Judith Tray, testified about the circumstances that led her to retain the defendant law firm. The plaintiff spoke at length about her dissatisfaction with the way her case was handled and stated that she was “unhappy with the extra charges,” but acknowledged that she never sent a letter to Mr. Gertler detailing her complaints, as required by their retainer agreement. The plaintiff stated that she paid the retainer fee of $6,000 and assumed that any additional “incidental” fees, including the printer’s bill, would be included in the initial retainer fee (despite the clear language in the parties’ retainer agreement to the contrary). Later, she acknowledged that she only paid $5,400 of the $6,000 retainer fee.
In response to the court’s question, the plaintiff acknowledged that she commenced this action because she was dissatisfied with the decision of the arbitrator in the fee dispute arbitration which found that she owed the defendant law firm $6,538.79 for fees and disbursements. The plaintiff confirmed that she is asking this court “to render a decision declaring that the arbitrator made a mistake.” It is undisputed that the plaintiff has not paid the sum directed by the arbitrator or any part thereof.
The threshold question before this court is whether the plaintiff utilized the appropriate procedure to obtain a de novo review of the issues addressed in the attorney-client fee dispute arbitration proceeding in this court of limited jurisdiction. The Fee Dispute Resolution Program (FDRP) (22 NYCRR 137.0 et seq.) was enacted in 2002 to provide “for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation” (22 NYCRR 137.0). As indicated above, section 137.8 provides that a party “aggrieved” by the award “may commence an action on the merits of the fee dispute in a court of competent jurisdiction.” However the rule is silent as to what procedure should be utilized to commence such an action. A number of courts of limited jurisdiction have been presented with cases wherein parties dissatisfied with the *620 arbitrator’s award after an FDRP arbitration proceeding have attempted to obtain a “de novo review.” This court reviewed several unreported decisions issued by courts of limited jurisdiction in which each of the courts struggled to determine what procedure should be used to “commence an action” to obtain a de novo review of an FDRP arbitration, with conflicting results.
In Borgus v Marianetti (7 Misc 3d 1003[A], 2005 NY Slip Op 50420[U] [Rochester City Ct 2005]), the court specifically addressed the question of “What Procedures Must an Aggrieved Party Follow to Obtain De Novo Review Following an Arbitration Decision Under the Fee Dispute Resolution Program?” (2005 NY Slip Op 50420[U], *4.) After considering various options, the court concluded that inasmuch as the policy underlying the FDRP was to simplify and expedite the resolution of fee disputes, an aggrieved party should be able to file a “simple demand” for a trial de novo, rather than commence a new action against the other party. However, this conclusion flies in the face of the clear language of section 137.8 which requires an aggrieved party to “commence an action.”
In Mahl v Rand (11 Misc 3d 1072[A], 2006 NY Slip Op 50518[U] [Civ Ct, NY County 2006]), the court noted that the defendant, the aggrieved party after a dispute arbitration, made repeated attempts to commence a proceeding for a trial de novo in the Civil Court of the City of New York. “Each time, the client was told politely that the Civil Court had no known procedure for commencing an action with a demand for a trial de novo” (2006 NY Slip Op 50518[U], *2). The case finally came before the court when the attorney commenced an action pursuant to CPLR 7510 to confirm the arbitration award. The court found that inasmuch as the defendant client’s attempts to obtain a trial de novo pursuant to section 137.8 were “impeded” by the responses she received from court personnel, “it is appropriate to deem the client’s showing to be a cross petition to vacate the arbitration award and . . . order that the legal fees claim of the attorney proceed as a plenary action.” (2006 NY Slip Op 50518[U], *3.)
In DeFilippo v Gerbino (12 Misc 3d 1153[A], 2005 NY Slip Op 52297[U] [Civ Ct, Richmond County 2005]), the plaintiff attorney commenced an action seeking a trial de novo on the issue of his entitlement to legal fees. The arbitrator in the parties’ fee dispute proceeding had determined that the defendant client was entitled to a refund of a portion of the legal fees paid to the plaintiff. The plaintiff commenced his action to obtain a *621 determination contrary to that of the arbitrator. However the court noted that the plaintiff did not commence an action pursuant to CPLR 7511 to vacate or modify the arbitrator’s award, but his action was “rather one for declaratory relief, for which the Civil Court lacks jurisdiction” (2005 NY Slip Op 52297[U], *3) and granted the defendant’s motion to dismiss the action. The court went on to ponder whether the “scheme of Part 137, as configured,” would allow a party to make use of the remedies afforded by CPLR article 75 and concluded that such a proceeding “may be precluded in view of the trial de novo option” provided in 22 NYCRR part 137 (2005 NY Slip Op 52297[U], *3-4).
In each of the decisions cited above, the courts have struggled to reconcile the obvious intent of the FDRP (22 NYCRR part 137), to afford an aggrieved party a simple and expedited recourse to judicial review, with the courts’ requirements that an action be “commenced” pursuant to appropriate court procedures. This has resulted in decisions in which the courts have resorted to what might be described as contortionistic behavior in order to accomplish the purposes of the rules governing attorney-client fee disputes within the constructs of the CPLR and the jurisdictional limitations of the various courts.
Turning to the instant action, the plaintiff herein, after determining that she was aggrieved by the decision of the arbitrator in an FDRP arbitration proceeding, elected to pursue the remedy afforded by 22 NYCRR 137.8 and commence an action in this court of limited jurisdiction to obtain a de novo review of the arbitrator’s decision. This court must now decide whether the procedure the plaintiff utilized to obtain a judicial review of the arbitrator’s decision is an appropriate procedure given the jurisdictional limits of this court, the requirements of the CPLR, and the policy objectives of the FDRP
Inasmuch as the plaintiff herein did not pay any portion of the arbitration award, she could not commence an action to obtain a money judgment. Instead she commenced an action to obtain an order declaring that the arbitrator in the attorney-client fee dispute proceeding made a mistake and should not have determined that she owed her former attorneys any money. Her application is, in fact, one for declaratory relief for which this court lacks jurisdiction. In addition, even if this court were inclined to do so, it would not be possible to treat the instant action as an application to vacate or modify the arbitrator’s decision pursuant to CPLR 7511. Based on the evidence adduced *622 at trial, the court finds that the plaintiff did not present any evidence that would warrant relief under CPLR 7511 (b) or (c). More importantly, 22 NYCRR 137.8 (a) provides that an aggrieved party is entitled to a de novo review “on the merits of the fee dispute” which is a totally different standard than that of review under CPLR 7511. Therefore, this court finds that the plaintiffs action must be dismissed.
This court believes that the cases cited above, as well as the instant case, highlight the need for a review of the 22 NYCRR part 137 rules with a mind toward the articulation of specific procedures to bring these actions before the court for judicial review when such review is warranted. It is clear from the instant case and the cases cited herein that the failure to address this issue has imposed undue burdens on the parties involved in these fee disputes and on the courts and has frustrated the objectives of the FDRP
Accordingly, based on the above, the plaintiffs action is dismissed.