OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs, provision granting petitioner Thomas B. Pruzan leave to file an action in Supreme Court for declaratory relief stricken, counterclaim by appellant Laurence A. Levine for judgment pursuant to the arbitration award reinstated, and that branch of appellant’s motion which sought summary judgment on this counterclaim granted.
Dissatisfied with the legal representation that he had received from petitioner Thomas B. Pruzan, appellant Laurence A. Levine filed a client request for fee arbitration pursuant to the Fee Dispute Resolution Program (Rules of Chief Admin of Cts [22 NYCRR] part 137) to recover the $5,000 fee that he had paid to petitioner. Following an arbitration held at the Brooklyn Bar Association on May 30, 2006 the arbitrator awarded appellant the sum of $2,500. By verified petition filed August 18, 2006, Thomas B. Pruzan commenced this proceeding, purportedly pursuant to article 75 of the CPLR, seeking de novo review of the client request for fee dispute resolution, pursuant to section 137.8 (a) of the rules. The petition alleged that the award was issued on July 13, 2006 and that 30 days had not elapsed since the mailing of a copy of the award.
Appellant answered, asserting, inter alia, that the court did not have jurisdiction to grant the relief sought and that the arbitrator’s decision was mailed on June 12, 2006 and became final on July 12, 2006. The answer also counterclaimed for the amount of the arbitrator’s award plus interest from the date of the award.
In support of a motion to dismiss and for summary judgment on his counterclaim, appellant asserted that the arbitration award is dated June 8, 2006 and was mailed on June 12, 2006. He attached a copy of the envelope in which the award was mailed to him. Appellant acknowledged that petitioner had sent *72 him a demand for a trial de novo dated July 6, 2006 and that he received it on July 15, 2006. He further acknowledged that the arbitrator had issued a second decision (which corrected the award’s caption), dated July 13, 2006. Appellant attached a copy of this decision, and the envelope in which he received it postmarked July 14, 2006, as well. Appellant argued that because the petition was not filed until August 18, 2006, it was untimely. In addition, he claimed that the court lacked subject matter jurisdiction over petitioner’s claim.
In opposition to the motion, petitioner asserted that he had made inquiry as to the proper procedure for seeking de novo review and was advised by the supervising Civil Court clerks to proceed by seeking vacatur of the arbitration award. Petitioner also asserted that the operative decision was the July 13, 2006 award, and that the earlier decision was a nullity.
The court below found that petitioner had made a “good faith” effort to obtain de novo review within the 30-day period and that he had timely “filed” a demand for trial de novo within that period. Reasoning that petitioner required declaratory relief, which is unobtainable in the Civil Court (CCA art 2; CPLR 3001; see Zuckermann v Spector, 287 AD2d 402 [2001] [a declaration that an attorney was discharged for cause and is not entitled to compensation is not within the Civil Court’s jurisdiction]; DeFilippo v Gerbino, 12 Misc 3d 1153[A], 2005 NY Slip Op 52297[U] [Civ Ct, Richmond County 2005]; see also Tray v Thaler & Gertler, LLP, 17 Misc 3d 617 [Nassau Dist Ct 2007]), the court dismissed the petition with leave to commence an action for declaratory relief in the Supreme Court. The court thereby implicitly dismissed appellant’s counterclaim.
In our view, petitioner failed to timely commence an action pursuant to section 137.8 (a). This section provides:
“A party aggrieved by the arbitration award may commence an action on the merits of a fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.”
Assuming, as petitioner contends, that the operative decision is the July 13, 2006 award, which was undisputedly mailed by July 14, 2006, petitioner was required to commence an action within 30 days after July 14, 2006. Since the five days added for mailing pursuant to CPLR 2103 (b) (2) where a period “is mea *73 sured from the service” of a paper are not added when a period is measured from when a paper was “mailed” (see e.g. Matter of Andronica [Commissioner of Labor], 43 AD3d 1222 [2007]; Matter of Bennett [Levine], 50 AD2d 1023 [1975]), the 30 days expired on August 13, 2006. As petitioner’s mailing of a demand for a trial de novo does not constitute the “commence[ment of] an action on the merits of a fee dispute in a court of competent jurisdiction” within the meaning of section 137.8 (a) (see CCA 410), no action was commenced until August 18, 2006. The instant proceeding therefore was untimely. Contrary to the Civil Court’s view, the 30-day period set forth in section 137.8 (a) must be regarded as “absolute” (D & Z Holding Corp. v City of N.Y. Dept. of Fin., 179 AD2d 796, 797 [1992]) and not subject to extension by judicial discretion (see Chase v Scalici, 97 AD2d 25 [1983]; U.S. Bldg. & Design Inc. v Melia, 2003 NY Slip Op 50847DJ] [2003]; Greenberg v Brooks Woolen Co., 140 Misc 2d 611 [Civ Ct, NY County 1988]; Parker, Clark Assoc. v ESM Data Sys., 108 Misc 2d 827 [Civ Ct, NY County 1981]).
In view of the foregoing, it was error for the Civil Court, in dismissing the instant proceeding, to grant petitioner leave to commence an action for declaratory relief and to deny that branch of appellant’s motion seeking summary judgment pursuant to the arbitrator’s award. Accordingly, the order is reversed insofar as appealed from, the provision granting petitioner leave to commence an action for declaratory relief in the Supreme Court is stricken and that branch of appellant’s motion seeking summary judgment on his counterclaim for judgment pursuant to the arbitration award is granted (CPLR 215; see Polednak v Country-Wide Ins. Co., 153 AD2d 930 [1989]; Nicholls Park Assoc. v Gillard, 188 Misc 2d 178 [App Term, 9th & 10th Jud Dists 2001]).
Pesce, PJ., Golia and Rios, JJ., concur.