OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
Pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 137, Richard Rubens sought an arbitration of his fee dispute with the law firm of Agovino & Asselta, LLP (Agovino & Asselta). Following a hearing, the panel of arbitrators rendered an award in favor of Agovino & Asselta in the principal sum of $14,097 (see Rules of Chief Administrator of Cts [22 NYCRR] § 137.7 [f]). Within 30 days after the mailing of the arbitration award, Rubens attempted to obtain de novo review of the parties’ fee dispute (see Rules of Chief Administrator of Cts [22 NYCRR] § 137.8 [a]) by the purported commencement of an action against Agovino & Asselta, as well as Joseph R Asselta, individually, in the Civil Court of the City of New York, Bronx County, alleging “breach of contract” and seeking monetary damages of $22,000. More than 30 days after the mailing of the arbitration award, Agovino & Asselta commenced this proceeding in the District Court of Nassau County to confirm the arbitration award.
Rubens’ complaint in the Civil Court action was dismissed on May 7, 2010, based on Rubens’ failure to appear at a calendar call. Rubens’ motion to vacate that dismissal and restore the ac *69 tion to the calendar was denied by order of the Civil Court entered July 15, 2010, upon a finding that Rubens had failed to proffer a reasonable excuse for his default or to establish that he had a meritorious claim; the court further commented that it lacked personal jurisdiction over the defendants in that action. The Appellate Term, First Department, subsequently affirmed the dismissal of the civil court complaint, upon a finding that Rubens had failed to demonstrate a meritorious cause of action, without reaching the jurisdictional issue (Rubens v Asselta, 34 Misc 3d 144[A], 2012 NY Slip Op 50108[U] [App Term, 1st Dept 2012]).
Following the Civil Court’s denial of Rubens’ motion to vacate the dismissal of the civil court complaint and to restore it to the calendar, Agovino & Asselta moved to confirm the arbitration award. The award was confirmed by order dated October 22, 2010, and this appeal ensued. A judgment was subsequently entered, from which we deem the appeal to have been taken (see CPLR 5520 [c]).
To obtain a de novo review of the arbitration award, Rubens was required, within 30 days of the mailing of the award, to “commence an action on the merits of the fee dispute in a court of competent jurisdiction” (Rules of Chief Administrator of Cts [22 NYCRR] § 137.8 [a]), failing which the award would become “final and binding” (Rules of Chief Administrator of Cts [22 NYCRR] § 137.8 [a]). The issue presented on this appeal is whether Rubens timely “commence[d] an action” on the merits of the fee dispute in a court of competent jurisdiction.
The Civil Court of the City of New York is a court of limited jurisdiction (see Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16 [App Term, 2d, 11th & 13th Jud Dists 2010]; see also NY Const, art VI, § 15), and its reach for purposes of establishing personal jurisdiction is defined by statute (see Electronic Devices v Rogers Assoc., 63 Misc 2d 243 [App Term, 9th & 10th Jud Dists 1970]). Actions are commenced by the filing of a summons and complaint (CCA 400 [1]), followed by service (CCA 400 [2]), which generally must be made within the City of New York (see CCA 403). Following the filing of the summons and complaint, an action remains inchoate until the summons and complaint have been properly served (see Louden v Rockefeller Ctr. N., 249 AD2d 25 [1998]).
CCA 404 (a) (1) is the Civil Court’s counterpart to CPLR 302 (a) (1), and authorizes that court to exercise personal jurisdiction over nonresidents of the City of New York as to, among *70 other things, causes of action arising from their transaction of business within the City of New York. Such “single act” jurisdiction is available “ ‘so long as the defendant’s activities [in the city] were purposeful and there is a substantial relationship between the transaction and the claim asserted’ ” (Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006], quoting Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; see also Bill-Jay Mach. Tool Corp. v Koster Indus., Inc., 29 AD3d 504, 505-506 [2006]; cf. Buffalo Gen. Hosp. v Erie Ins. Co., 26 Misc 3d 482 [Erie County Ct 2009] [sustaining jurisdiction over a nonresident in a court of limited jurisdiction because the cause of action arose within the jurisdiction]). In determining whether there is jurisdiction, the focus is on the defendant’s activities within the jurisdiction, and the relationship of the cause of action to the jurisdiction (see e.g. Presidential Realty Corp. v Michael Sq. W., 44 NY2d 672, 673-674 [1978]; Libra Global Tech. Servs. [UK] v Telemedia Intl., 279 AD2d 326, 327 [2001]).
Agovino & Asselta was served outside the City of New York in the Civil Court action. Rubens, in effect, conceded that Agovino & Asselta was a nonresident of the City of New York, but asserted that it was subject to the jurisdiction of the Civil Court because it had transacted business within the City of New York. However, Rubens stated that the subject of the Civil Court action was a contract with Agovino & Asselta, pursuant to which that entity was to provide legal services for him in Suffolk County, New York. The only relationship he cited between the jurisdiction and the contract was his own presence in the City of New York while signing the contract with Agovino & Asselta, and his posting of the signed contract to Agovino & Asselta from a post office box located in the Bronx. These activities by Rubens in the Bronx were insufficient to confer jurisdiction on the Civil Court over Agovino & Asselta (see Standard Wine & Liq. Co. v Bombay Spirits Co., 20 NY2d 13, 17 [1967]). As Rubens lacked a proper basis for the assertion of long-arm jurisdiction over Agovino & Asselta under CCA 404 (a), he could not serve Agovino & Asselta outside the City of New York pursuant to CCA 404 (b). Consequently, he failed to complete the commencement of the Civil Court action, which, accordingly, never became choate (see Louden v Rockefeller Ctr. N., 249 AD2d 25 [1998]; see also CCA 400 [2]).
As Rubens failed to effectively “commence an action” for de novo review of the parties’ fee dispute in a court of competent *71 jurisdiction within 30 days of the mailing of the arbitration award, the award became final and binding (see Rules of Chief Administrator of Cts [22 NYCRR] § 137.8 [a]), and we find that the District Court properly confirmed the award.
The judgment of the District Court is, accordingly, affirmed.
Iannacci, J.P., Nicolai and Molia, JJ., concur.