■ In the Matter of LAW OFFICES OF THOMAS F. LIOTTI, LLC, et al., Respondents, v FARZAD DAVOUDIASL, Appellant. [47 NYS3d 440]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Farzad Davoudiasl appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered August 11, 2015, as upon, in effect, reargument, adhered to a prior determination in an order entered April 8, 2015, granting the petition to confirm the award, and directed the resubmission of a judgment on notice.

Ordered that the order entered August 11, 2015, is affirmed insofar as appealed from, with costs.

The petitioner Law Offices of Thomas F. Liotti, LLC (hereinafter the firm), represented the appellant, Farzad Davoudiasl, in a matrimonial action. A fee dispute between the appellant and the firm was subsequently submitted to a panel of arbitrators pursuant to the Fee Dispute Resolution Progam (see 22 NYCRR 137.0). On May 19, 2014, the arbitrators made an award in favor of the firm in the sum of $34,565.13. The appellant alleges that he thereafter made attempts to file a demand for a trial de novo, but that his attempts were unsuccessful due to law office failure. On February 23, 2015, the firm and Thomas F. Liotti commenced this proceeding in the Supreme Court, Nassau County, to confirm the arbitration award. In an order entered April 8, 2015, the Supreme Court granted the petition and directed submission of a judgment, incorrectly stating that the petition had been unopposed. The appellant then moved, inter alia, in effect, for leave to reargue. Upon, in effect, reargument, the court considered the appellant's opposition papers, in which he asserted that his attempts to file a demand for a trial de novo had been unsuccessful due to law office failure, but did not specify any objections to the arbitration award. In the order appealed from, the court, upon, in effect, reargument, adhered to the prior determination granting the petition to confirm the award, and directed resubmission of a judgment. We affirm.

22 NYCRR 137.8 (a) requires a party aggrieved by an arbitration award in a fee dispute to "commence *an action* on the merits of [his or her] fee dispute [with the firm] in a court of competent jurisdiction within 30 days after the arbitration award has been mailed" (emphasis added). The rule further provides that where no such action is commenced within the

prescribed time, "the award shall become final and binding" (*see also* 22 NYCRR 137.2 [a]; 22 NYCRR 137.7 [f]). Under the plain terms of this rule, neither the mailing nor the filing of a "demand for trial de novo" can "constitute the 'commence[ment of] an action on the merits of a fee dispute in a court of competent jurisdiction' within the meaning of section 137.8 (a)" (*Pruzan v Levine*, 18 Misc 3d 70, 73 [App Term, 2d Dept 2007], *revg* 15 Misc 3d 377 [Civ Ct, Kings County 2007]; *cf.* 22 NYCRR 28.12 [a]).

Since the appellant failed to commence an action on the merits of the fee dispute within 30 days of the mailing of the arbitration award, the award became "final and binding," regardless of whether, as he now alleges, a court clerk impeded his efforts to file a demand for a trial de novo. "[T]he 30-day period in which a party aggrieved by an arbitration award in a legal fee dispute may commence an action for de novo review of that award is absolute and, thus, the Supreme Court [does] not have discretion to excuse [any] late commencement of an action for de novo review" (*Matter of Gold, Stewart, Kravitz, Benes, LLP v Crippen*, 109 AD3d 919, 920 [2013]; *see Agovino & Asselta, LLP v Rubens*, 36 Misc 3d 67 [App Term, 2d Dept, 9th and 10th Jud Dists 2012]; *Gallet, Dreyer & Berkey, LLP v Carol*, 35 Misc 3d 138[A], 2012 NY Slip Op 50845[U] [App Term, 1st Dept 2012]; *Feld v Ginsburg*, 46 Misc 3d 1216[A], 2015 NY Slip Op 50098[U] [Sup Ct, Westchester County 2015]; *DeFilippo v Gerbino*, 12 Misc 3d 1153[A], 2005 NY Slip Op 52297[U], *1 [Civ Ct, NY County 2005]; *cf. Mahl v Rand*, 11 Misc 3d 1072[A], 2006 NY Slip Op 50518[U] [Civ Ct, NY County 2006]; *Borgus v Marianetti*, 7 Misc 3d 1003[A], 2005 NY Slip Op 50420[U] [Rochester City Ct 2005]).

In sum, the appellant forfeited his right to a trial de novo under 22 NYCRR 137.8 (a) by failing to commence a timely action for de novo review of the award, and did not establish any other basis for vacatur or modification of the award under review. Contrary to the appellant's only argument, the order entered August 11, 2015, insofar as it adhered to the prior determination granting the petition to confirm the award, was properly made. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.