Goodman v Frank (2023 NY Slip Op 51398(U))

[*1]

Goodman v Frank

2023 NY Slip Op 51398(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2022-323 S C

Bonnie Sue Goodman, Esq., Appellant,
against
Lawrence Frank, Respondent. 

Bonnie Sue Goodman, appellant pro se.
Lawrence S. Frank, respondent pro se.

Appeal from a decision of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated October 22, 2021, deemed from a judgment of that court entered November 15, 2022. The judgment, after a nonjury trial, dismissed the complaint.

ORDERED that the judgment is affirmed, without costs.
Plaintiff, an attorney, represented defendant in connection with a trusts and estates matter. The parties executed a retainer agreement stating that if there was a fee dispute, defendant "ha[d] the right to seek arbitration to resolve the dispute, and said arbitration [would] be binding on [plaintiff] as well as on [defendant]." Following the termination of the representation, defendant sought an arbitration of his fee dispute with plaintiff pursuant to the New York State Fee Dispute Resolution Program (see Rules of Chief Admr of Cts [22 NYCRR] Part 137). The arbitration hearing was conducted on October 18, 2018, and the arbitration award was mailed to both parties on October 19, 2018. The notice of arbitration award advised the parties that they had two options if they were dissatisfied with the award: (1) "commenc[ing] an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed," or (2) "seek[ing] to vacate the award within 90 days after delivery to the party" pursuant to CPLR article 75. 
On November 19, 2018, plaintiff filed a demand for a trial de novo in the District Court of Suffolk County and, thereafter, filed a summons and complaint in District Court on November 23, 2018 upon the request of the Clerk of the Court. Defendant timely filed an answer asserting various affirmative defenses, including that plaintiff did not timely commence the action. Thereafter, defendant moved for, in effect, summary judgment dismissing the complaint on the grounds that the action was not timely commenced within 30 days of the mailing of the arbitration award, and that plaintiff had waived her right to de novo review of the fee dispute in [*2]the retainer agreement. After a nonjury trial, the District Court dismissed the complaint on the ground that plaintiff had waived the right to seek de novo review of the fee dispute by agreeing to binding arbitration in the retainer agreement and, thus, did not pass upon the issue of whether the action seeking de novo review was timely commenced.
We need not determine whether plaintiff waived the right to seek de novo review of the fee dispute, as the action seeking de novo review was not timely commenced within 30 days of the mailing of the arbitration award (see 22 NYCRR 137.8 [a]). Contrary to plaintiff's contentions, the filing of a demand for a trial de novo did not commence the action (see Matter of Law Offs. of Thomas F. Liotti, LLC v Davoudiasl, 147 AD3d 1057, 1058 [2017]; Pruzan v Levine, 18 Misc 3d 70, 73 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Further, to the extent the Clerk of the Court may have excused the late filing by requesting that plaintiff file a summons and complaint upon the receipt of the demand for a trial de novo, the Clerk had no discretion to excuse the late filing (see Matter of Law Offs. of Thomas F. Liotti, LLC v Davoudiasl, 147 AD3d at 1058; Matter of Gold, Stewart, Kravitz, Benes, LLP v Crippen,109 AD3d 919, 920 [2013]; Pruzan v Levine, 18 Misc 3d at 73). Plaintiff was also not entitled to an additional five days to commence the action under CPLR 2103 (b) (2), as that statute only applies to pending actions "where a period of time prescribed by law is measured from the service of a paper and service is by mail" (see Matter of New York Cent. Mut. Fire Ins. Co. v Jedlicka, 280 AD2d 676, 677 [2001]; New Millennium Med. Imaging, P.C. v GEICO, 76 Misc 3d 31, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Pruzan v Levine, 18 Misc 3d at 72-73). By the time plaintiff commenced this action, the arbitration award was "final and binding" (22 NYCRR 137.8 [a]; see Matter of Law Offs. of Thomas F. Liotti, LLC v Davoudiasl, 147 AD3d at 1057-1058; Pruzan v Levine, 18 Misc 3d at 72), and plaintiff never moved to vacate the award pursuant to CPLR 7511. Consequently, the District Court did not err in dismissing the complaint.
Accordingly, the judgment is affirmed, albeit on a different ground than the one relied upon by the District Court in its decision.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023